24

David L. WILLIAMS *v.* STATE of Arkansas

CA CR 81-112                                        627 S.W. 2d 28

Court of Appeals of Arkansas
Opinion delivered January 27, 1982

*William R. Simpson, Jr.,* Public Defender, by: *Jim Petty,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. Appellant challenges his burglary and theft of property convictions on appeal, raising one issue: The trial court erred in not granting his motion to suppress evidence obtained as a result of an illegal search and seizure. Appellant does not contend that the police officers lacked probable cause to place him under arrest.

Appellant relies on the cases of *Arkansas* v. *Sanders,* 442 U.S. 753 (1979) and *Robbins* v. *California,* 450 U.S. 1039, 69 L. Ed. 2d 768, 101 S. Ct. 2841 (1981). He contends two pillow cases seized from the vehicle he was driving when arrested

were closed, opaque containers, and, as such, a warrant was required before the officers could search the vehicle and pillow cases. Appellant argues further that the search was unlawful because the search was not contemporaneous with the arrest but was conducted after the officers took the vehicle from the scene of arrest to the police station. The pillow cases were located within the vehicle on its rear seat and floor board. They contained items which were later identified by the owner as having been stolen from her home.

Any question concerning the search of appellant's vehicle which may have arisen out of the lawful arrest of appellant and the subsequent search of his vehicle has been laid to rest by the United States Supreme Court's holding in *New York* v. *Belton,* 450 U.S. 1028, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981). In *Belton,* the Court forged a "bright line" rule for police officers to follow in determining the proper scope of a search of an automobile seized incident to a lawful custodial arrest of its occupant. The Court stated the rule as follows:

> Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary item." *Chimel, supra,* at 763, 23 L. Ed. 2d 685, 89 S. Ct. 2034. In order to establish the workable rule this category of cases requires, we read *Chimel's* definition of the limits of the area that may be searched in light of that generalization. Accordingly, *we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.*
>
> It follows from this conclusion that *the police may also examine the contents of any containers found within the passenger compartment,* for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. *United States* v.

*Robinson, supra, Draper* v. *United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329. Such *a container may,* of course, *be searched whether it is open or closed,* since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. [Footnotes omitted and emphasis supplied.]

Applying the rule in *Belton* to the facts at bar, the two pillow cases seized by the officers were within the automobile and reach of appellant. Although the pillow cases may have been closed, appellant was under lawful custodial arrest and under the "bright line" rule, the officers were justified in opening and examining the contents of the pillow cases.

As mentioned earlier, the search took place at the police station after appellant was taken into custody, and appellant argues his Fourth Amendment rights were violated because the warrantless search was not incident to his arrest. His argument is without merit.

In *Chambers* v. *Maroney,* 399 U.S. 42 (1970), the Court held police may conduct a warrantless search of an automobile taken to a police station where: (1) the occupants of the vehicle were in lawful custody, (2) an immediate search of the vehicle would have been constitutionally permissible at the time and place of arrest, (3) it was not unreasonable to take the automobile to the police station before making the search, and (4) probable cause for the search still existed after the automobile was taken to the police station.

automobile at the time and place of appellant's arrest. The officers testified they removed the automobile to the station to search it because traffic conditions were extremely heavy. They stated further that appellant's vehicle and that of one of the officers were positioned where they caused congestion at a four-way intersection. We believe the officers' decision to tow appellant's vehicle to the police station for the search was reasonable under the circumstances.

Affirmed.