Roger Lee MILLER *v.* STATE of Arkansas

CA CR 92-1028 868 S.W.2d 510

Court of Appeals of Arkansas
Division II
Opinion delivered December 15, 1993
[Rehearing denied January 19, 1994.]

*Paul Petty* and *Robert Meurer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Roger Miller was charged with possession of a controlled substance (cocaine) with intent to deliver and driving on a suspended driver's license. After a pretrial motion to suppress evidence was denied, Miller entered a conditional plea of guilty under Ark. R. Crim. P. 24.3(b). He

was sentenced to twenty-five years imprisonment with ten years suspended on the drug charge, and was fined $500.00 for driving on a suspended license.

The primary argument on appeal is that the trial court erred in not finding that Miller's arrest was pretextual and therefore erred in not suppressing the evidence obtained as the result of the arrest. We find no error and affirm.

The facts are not in dispute. Most of the testimony at the suppression hearing was provided by Roger Ahlf, an Arkansas state police officer, who worked as a narcotics investigator. In December of 1991, Ahlf was working with David Drennan, a narcotics investigator for the Searcy Regional Drug Task Force. During that time Ahlf and Drennan were told by a confidential informant that the appellant was a cocaine dealer. Ahlf was also told by the confidential informant that appellant was driving a black van on a suspended driver's license, and Ahlf verified this information.

On December 18, 1991, Officer Ahlf stopped the appellant for driving on a suspended driver's license. Ahlf testified that he normally did not work traffic, that he wrote only two or three tickets per year, and that he stopped the appellant in hopes that he would find drugs. He testified that he frisked the appellant for weapons, that he knew appellant to be a drug user, and that he knew that people who use cocaine carry razor blades. In the course of the search of appellant's person, Ahlf found an address book containing marijuana residue, described as "probably less than 1-½ of a gram." Miller was taken into custody and the officer's search of the van turned up a plastic bag containing cocaine.

The circuit court in denying the motion to suppress said, "While Investigator Ahlf may have had motives in addition to a traffic stop, the evidence does not establish that the arrest would not have been made but for the drug and search interest of Investigator Ahlf."

Appellant relies primarily on *Richardson* v. *State*, 288 Ark. 407, 706 S.W.2d 363 (1986). There, the supreme court quoted from *McKnight* v. *United States*, 183 F.2d 977 (D.C. Cir. 1950):

The Supreme Court has specifically held that "an arrest may not be used as a pretext to search for evidence." *United States* v. *Lefkowitz*, 285 U.S. 452 (1932). . . . It is settled law that "when it appears, as it does here, that the search and not the arrest was the real object of the officers in entering upon the premises, and that the arrest was a pretext for or at the most an incident of the search," the search was not reasonable within the meaning of the Constitution. *Henderson* v. *United States*, 12 F.2d 528 (4th Cir. 1926).

Appellant also notes the supreme court's approval of a statement found in *Brown* v. *State*, 442 N.E.2d 1109 (Ind. 1982), that "the issue of pretext arrest only arises when the surrounding circumstances show that the arrest is only a sham being used as an excuse for making a search for evidence of a different and more serious offense for which no probable cause exists."

While it is true that the issue of pretextual arrest was the subject of extended discussion in *Richardson*, it would seem that the real basis for the court's holding was a violation of the detention limits imposed by Rule 3.1 of the Arkansas Rules of Criminal Procedure. The court in *Richardson* said, "Regardless of whether we can technically justify the arrest on the charge of public intoxication, we can find no justification whatever for these rules violations."

Shortly after the decision in *Richardson*, the supreme court decided *Hines* v. *State*, 289 Ark. 50, 709 S.W.2d 65 (1986). After distinguishing *Richardson*, the court, in a unanimous decision, said:

Claims of pretextual arrest raise a unique problem in the law — deciding whether an ulterior motive prompted an arrest which otherwise would not have occurred. Confusion can be avoided by applying a "but for" approach, that is, would the arrest not have occurred but for the other, typically the more serious, crime. Where the police have a dual motive in making an arrest, what might be termed the covert motive is not tainted by the overt motive, even though the covert motive may be dominant, so long as the arrest would have been carried out had the covert motive

been absent. Professor LaFave, Criminal Procedure, § 3.1(d), p. 144, describes this as the correct result. Because the action would have been taken in any event, he states, "[T]here is no conduct which ought to have been deterred and, thus, no reason to bring the Fourth Amendment exclusionary rule into play." *Abel* v. *United States*, 362 U.S. 217 (1966). *See People* v. *Guido*, 95 Misc.2d 47, 407 NYS 2130 (1978).

*See also, Ray* v. *State*, 304 Ark. 489, 803 S.W.2d 894 (1991). As the decision in *Hines* at least implies, the test should be an objective one. Virtually all courts that have recently considered the question agree. *See, e.g., United States* v. *Rivera*, 906 F.2d 319 (7th Cir. 1990) (an officer's subjective intent is irrelevant); *United States* v. *Trigg*, 925 F.2d 1064 (7th Cir. 1991); *United States* v. *Rivera*, 867 F.2d 1261 (10th Cir. 1989); (an objective analysis of the facts and circumstances of a pretextual stop is appropriate, rather than an inquiry into the officer's subjective intent); *United States* v. *Guzman*, 864 F.2d 1512 (10th Cir. 1988); *United States* v. *Causey*, 834 F.2d 1179 (5th Cir. 1987); *United States* v. *Gallo*, 927 F.2d 815 (5th Cir. 1991); *United States* v. *Bates*, 840 F.2d 858 (11th Cir. 1988); State v. Mease, 842 S.W.2d 98 (Mo. 1992); *State* v. *Olsen*, 482 N.W.2d 212 (Minn. 1992); *State* v. *Garcia*, 461 N.W.2d 460 (Iowa 1991). These decisions and others are based, at least in part, on statements made by the United States Supreme Court. In *Scott* v. *United States*, 436 U.S. 128 (1978), the Supreme Court said that police searches are to be tested "under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers involved." In *Horton* v. *California*, 496 U.S. 128 (1990), the Court said that "evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." Professor LaFave puts it this way:

> Likewise, if the police stop X's car for minor offense A, and they "subjectively hoped to discover contraband during the stop" so as to establish serious offense B, the stop is nonetheless lawful if "a reasonable officer *would* have made the stop in the absence of the invalid purpose."

1 Wayne R. LaFave, *Search and Seizure* (Supp. 1994 at 22). We

conclude that this is the test to be applied.[1] We think this test is consonant with the most recent decisions of the Arkansas Supreme Court in *Hines* and *Ray*, and with the statements of the United States Supreme Court in *Horton* v. *California*. It was also the test utilized by the trial court here.

 In the case at bar it is quite clear that Officer Ahlf's primary purpose in stopping appellant was to search for drugs. As the supreme court said in *Hines*, however, the arrest is not "tainted" by this fact "so long as the arrest would have been carried out" anyway. We think that the trial court's finding that the arrest would have occurred in any event is not clearly erroneous. The test is whether a "reasonable officer" would have made the traffic stop — not whether this particular officer would have made the stop absent his ulterior motive. The Constitution does not prohibit officers assigned to work on particular types of offenses to refrain from arresting those who commit offenses outside the officers' area of specialty.

██ If, as we have held, the stop and arrest of the appellant was valid, there remains the question of the validity of the subsequent search. Officer Ahlf characterized the search as both an "inventory" and as a search incident to arrest. Our decision on this point is clearly governed by *New York* v. *Belton*, 450 U.S. 1028 (1981). There the Court held that when a policeman has made a lawful custodial arrest of the occupants of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. *See also, Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988); *Williams* v. *State*, 4 Ark. App. 24, 627 S.W.2d 28 (1982). Because this was a valid search incident to arrest under *Belton* we need not reach the issue of whether a valid inventory was conducted. *See Stevens* v. *State*, 38 Ark. App. 209, 832 S.W.2d 275 (1992).

For the reasons stated the decision of the trial court is affirmed.

ROBBINS and MAYFIELD, JJ., agree.

---

[1]The Eighth Circuit Court of Appeals has held that the test is whether the officer *could* validly have made the stop and that "so long as the police are doing no more than they are legally permitted and objectively authorized to so, [the resulting stop or] arrest is constitutional." *United States* v. *Cummins*, 920 F.2d 498 (8th Cir. 1990) (quoting *United States* v. *Trigg*, 878 F.2d 1037 (7th Cir. 1989)).