11 S.W.3d 526 (2000)
340 Ark. 315
STATE of Arkansas
v.
Kenneth Andrew SULLIVAN.
No. CR 99-1140.
Supreme Court of Arkansas.
February 10, 2000.
Mark Pryor, Atty. Gen., by: Brad Newman, Asst. Atty. Gen., Little Rock, for appellant.
F.N. "Buddy" Troxell, Conway, for appellee.
W.H."DUB" ARNOLD, Chief Justice.
The State brings this interlocutory appeal from the trial court's granting of appellee's motion to suppress evidence found in his vehicle after an officer observed him speeding. Appellee was approached by a Conway police officer, Joe Taylor, for allegedly traveling forty miles per hour in a thirty-five mile-per-hour zone on Highway 65 in Conway. Although Officer Taylor did not use his "blue lights" to require appellee to stop, appellee pulled into a service station and was then informed by Officer Taylor of the reason for the contact.
Appellee was requested by Officer Taylor to produce registration and proof of insurance. When appellee, a now-disabled, previously self-employed roofer, opened his vehicle door to locate the documents requested, Officer Taylor noticed a rusted roofing hatchet that was corroding into the carpet of the vehicle. Appellee was unable to locate his vehicle registration and proof of insurance. He was then arrested for speeding, having no vehicle registration and no proof of insurance, and carrying a weapon (the roofing hatchet), as well as having an improper tint on his windshield. Officer Taylor further deemed appellee's vehicle to be unsafe because his speedometer was not working properly.
After another officer arrived and placed appellee in the back of his police unit, *527 Officer Taylor began an inventory search of appellee's automobile. Officer Taylor testified that under the armrest, he found a black bag with what appeared to be methamphetamine inside it. The bag, he claims, contained a Ziploc-type bag with ten individually-wrapped bags of the substance, twenty-seven corners of plastic bags, a small plastic container with suspected marijuana, another Ziploc-type bag with bag corners inside of it, and a plastic container with two bags of suspected methamphetamine. Officer Taylor also stated that a zippered pocket of the same black tote bag contained two bags of suspected methamphetamine, a plastic tube with white powdery residue in it, a wood-handled knife with white powdery residue on the ends, and a red metal plate and a purple plastic straw. Appellee was then charged with the following offenses: possession of methamphetamine with intent to deliver; attempt to manufacture methamphetamine; possession of drug paraphernalia; unlawful possession of a weapon, the roofing hatchet; and speeding. He was not charged with having no proof of insurance or vehicle registration.
Appellee moved to suppress evidence seized from his vehicle on the basis that the stop was a pretext to conduct a search. Upon the testimony of the sole witness at the suppression hearing, who was Officer Joe Taylor, as well as arguments of counsel, the trial court deliberated overnight and then granted appellee's motion to suppress, from which the State now brings this appeal. For its only point on appeal, the State asserts that the trial court erred in granting appellee's motion to suppress evidence found in his vehicle. We disagree with the State and affirm the trial court.
This Court, upon review of a trial court's ruling on a motion to suppress, makes an independent determination based on the totality of the circumstances and reverses only if the trial court's ruling is against the preponderance of the evidence. Thompson v. State, 333 Ark. 92, 966 S.W.2d 901 (1998). The issue before this Court is whether the search of appellee's vehicle was justified, either as an inventory search or as a search incident to arrest. We hold that it was not.
In the instant case, Officer Taylor was the sole witness who testified at the hearing on appellee's motion to suppress. Although he testified on direct examination that what he conducted was merely an inventory search as dictated by policy and not a search conducted after a traffic stop predicated on suspicions he had of the appellee's involvement in drug activity, he did admit on cross-examination that he had been assigned to the narcotics section and that said section had intelligence on the appellee of which Officer Taylor was aware. Appellee contends that the very facts and circumstances surrounding the arrest itself proves that it was pretextual in nature, in that it was made solely for the purpose of searching the appellee's vehicle for controlled substances, and that, as a result, he is entitled to an order suppressing any and all evidence seized from his vehicle. Appellee asserts that the arresting officer had no reasonable basis to believe that the roofing hatchet was to be used as a weapon.
We have held that "pretext" is a matter of the arresting officer's intent, which must be determined by the circumstances of the arrest. Brenk v. State, 311 Ark. 579, 847 S.W.2d 1 (1993). We held in Hines v. State, 289 Ark. 50, 709 S.W.2d 65 (1986), and the Court of Appeals followed in Miller v. State, 44 Ark.App. 112, 114, 868 S.W.2d 510 (1993):
The Supreme Court has specifically held that "an arrest may not be used as a pretext to search for evidence." United State v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932)....
....
Claims of pretextual arrest raise a unique problem in lawdeciding whether an ulterior motive prompted an arrest *528 which otherwise would not have occurred. Confusion can be avoided by applying a "but for" approach, that is, would the arrest not have occurred but for the other, typically, the more serious crime. Where the police have a dual motive in making an arrest, what might be termed the covert motive may be dominant, so long as the arrest would have been carried out had the covert motive been absent....
The question then becomes whether appellee would have been arrested simply for traveling forty miles per hour in a thirty-five mile-per-hour zone and possessing a roofing hatchet that had clearly been in his vehicle for quite a long time, given that it was corroding into the carpet. We find that to be doubtful. His vehicle may have been impounded due to his failure to provide proof of insurance and registration. However, appellee was never charged with having no proof of insurance or vehicle registration. Further, the trial court, when assessing the credibility of Officer Taylor (the sole witness at the hearing), the totality of the circumstances, and the applicable law, agreed with appellee that the search and seizure was pretextual and should be suppressed. Clearly, a review of the applicable law illustrates that the issue of pretext necessarily turns on the facts in a given case, and given our standard of review in these cases, we cannot say that the trial court's ruling was against the preponderance of the evidence.
Affirmed.