Marion Fulton BROWN *v.* STATE of Arkansas

CA CR 94-1392                                924 S.W.2d 251

Court of Appeals of Arkansas
Division I
Opinion delivered June 5, 1996

*Tim Buckley,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of committing permanent detention or restraint in violation of Arkansas Code Annotated § 5-11-106 (Repl. 1993). He was sentenced to seven years in the Arkansas Department of Correction. On appeal, he argues that the trial court violated Rules 401 and 403 of the Arkansas Rules of Evidence by admitting into evidence a statement in which he confessed to killing the victim; that the

statement should have been suppressed because it was obtained after a pretextual arrest; that the statement should have been suppressed because it was obtained in violation of Rule 2.3 of the Arkansas Rules of Criminal Procedure; that the trial court erred in denying his motion for a directed verdict; and that the trial court abused its discretion in refusing to order a new trial pursuant to his request for relief under a writ of error *coram nobis*. We affirm.

■ For his fourth argument, the appellant contends that the trial court erred in denying his motion for a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Durham v. State*, 320 Ark. 689, 899 S.W.2d 470 (1995). Preservation of the appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of trial errors. *Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994).

■ In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *LaRue v. State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick v. State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

The victim, Leslie Akee Robie, is a mentally retarded woman who has a seizure disorder. The testimony indicated that Ms. Robie had to take daily medication in order to prevent potentially fatal seizures. The victim was born in 1957 and her mother, Reva Akee, is her legal guardian. Ms. Robie's brother, Robert Akee, also assisted in supervising her. As a result of her disabilities, Ms. Robie was under twenty-four-hour supervision of employees from a company called Lifestyles, Inc., in Fayetteville, Arkansas. Lifestyles is a program designed to mainstream handicapped persons.

According to the employees of Lifestyles, as well as the victim's mother and brother, Ms. Robie is incompetent to make major decisions for herself and is not allowed to make decisions regarding out-of-town travel. The testimony indicated, however, that Ms. Robie is capable of making some decisions regarding her daily activities and that she was employed through the Lifestyles program. The employees of Lifestyles testified that they assisted Ms. Robie in

reading, shopping for groceries, maintaining personal hygiene, taking medication and behaving appropriately.

In November 1993, the appellant began spending time with Ms. Robie and expressed a desire to marry her. Lisa Marie Bostik, an employee of Lifestyles, testified that she suspected Ms. Robie was planning to sneak out of her apartment on the morning of December 16, 1993. Ms. Robie did leave her apartment early that morning with the appellant without notifying her mother or any employee of Lifestyles. Before leaving town, the appellant and Ms. Robie stopped by the appellant's apartment to say goodbye to his roommate, George Maddock. Mr. Maddock testified that they told him they were going to Bakersfield, Oregon.

The appellant and Ms. Robie actually went to the West Memphis area where he obtained employment doing various odd jobs. The appellant testified that it was Ms. Robie's idea to leave Fayetteville. He stated that she did not express a desire to return and that had she done so, he would have returned her to her home. He testified that they were at a truck stop on December 24, when Ms. Robie decided to leave with a truck driver. The appellant subsequently returned alone to Fayetteville on December 25. The appellant testified that he was not aware that Ms. Robie has a legal guardian but stated he was aware that she is mentally retarded.

After his return to Fayetteville, the appellant initially related to Officer Robert Turberville that the victim was alive and that she had left with the truck driver. However, Officer Turberville testified that the appellant gave several statements which included different accounts regarding his involvement in Ms. Robie's disappearance after he was arrested in March 1994. Officer Turberville testified that the appellant stated that Ms. Robie had actually been abducted by the truck driver and then later stated that she disappeared in the middle of the night after going to the restroom.

Officer Gary Crews also questioned the appellant after his arrest. He testified that at one point during the interview, the appellant began crying and admitted killing Ms. Robie. Officer Crews stated that the appellant explained that he and Ms. Robie argued over a radio, that he struck her in self-defense, and that she fell to the ground striking the back of her head. The appellant told Officer Crews that he performed CPR on Ms. Robie but that he could not revive her. The appellant stated that he then dug a

shallow grave, placed the body in the grave and covered it with dirt. The appellant also drew a map indicating the location of the body. Officer Crews further testified that he, other police officers, and the appellant went to the West Memphis area but were unable to locate the body after a search.

Officer Crews testified that the appellant then recanted his story and stated instead that he had buried the body by the Mississippi River. Officer Crews testified that the appellant directed him to a specific location but they were again unable to find the body. The appellant testified that he made the different statements regarding Ms. Robie's disappearance because he was afraid of the police.[1]

The appellant argues that the State failed to prove that he did not intend to return or release Ms. Robie. Arkansas Code Annotated § 5-11-106 (Repl. 1993) provides:

> (a) A person commits the offense of permanent detention or restraint if, without consent and without lawful authority, he restrains a person with the purpose of holding or concealing him:
>
> (1) Without ever releasing him; or
>
> (2) Without ever returning him to the person or institution from whose lawful custody he was taken.

Intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the crime. *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993). The jury is allowed to draw upon its own common knowledge and experience to infer intent from the circumstances. *Tiller* v. *State*, 42 Ark. App. 64, 854 S.W.2d 730 (1993). Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his acts. *Kendrick* v. *State, supra.*

Here, the evidence shows that the appellant and the victim left town in the middle of the night. The victim, due to her disabilities, could not lawfully consent to the departure and the appellant did not receive permission from Ms. Robie's guardian to take her away. Further, the appellant returned to Fayetteville with-

---

[1] Ms. Robie was subsequently found alive in Wyoming.

out Ms. Robie. There was evidence before the jury that the appellant gave several different accounts regarding Ms. Robie's disappearance and that he confessed to killing her and disposing of her body. Thus, we find that there was sufficient evidence for the jury to infer that the appellant intended to take Ms. Robie away with the purpose of not releasing her or returning her to her legal guardian. Thus, we find the evidence sufficient to support the appellant's conviction for permanent detention or restraint.

The appellant next contends that his statement in which he confessed to killing Ms. Robie is irrelevant and that its probative value was substantially outweighed by the danger of unfair prejudice. Relevant evidence means any evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Ark. R. Evid. 403. Determining the relevance of evidence and gauging its probative value against unfair prejudice are matters within the trial court's discretion, the exercise of which will not be reversed on appeal absent a showing of an abuse of that discretion. *Armstrong* v. *State*, 45 Ark. App. 72, 871 S.W.2d 420 (1994).

Here, the appellant's statement was relevant to the circumstances surrounding the crime and was probative of his intent to not release or return Ms. Robie. Although his statement in which he admitted killing her may have been prejudicial, its probative value is not substantially outweighed by the danger of unfair prejudice. Thus, we cannot find that the trial court abused its discretion.

The appellant next argues that any statements he gave after being arrested should have been suppressed because his arrest for various traffic violations was pretextual. Officer Turberville testified that he attempted to question the appellant several times during the investigation but that the appellant did not keep his scheduled appointments. Officer Turberville stated he was aware that the appellant had a suspended driver's license and that he did not have any vehicle insurance. Officer Turberville testified that he stopped the appellant while he was driving in order to take him into custody; however, he explained that he did so in order to speak with

the appellant regarding Ms. Robie's disappearance. Officer Turberville further testified that he advised the appellant of his *Miranda* rights and that the appellant gave his statement voluntarily.

In reviewing a trial court's decision to deny an appellant's motion to suppress, this Court makes an independent determination based on the totality of the circumstances and will reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Roark* v. *State*, 46 Ark. App. 49, 876 S.W.2d 596 (1994).

Pretextual arrests are unreasonable under the Fourth Amendment. *Mings* v. *State*, 318 Ark. 201, 884 S.W.2d 596 (1994). An ulterior motive does not in itself render an arrest pretextual when there is a valid overt reason to make the arrest. *Id.* The reasoning is that the arrest for the overt violation would have taken place in any event; thus, there is no reason to bring the Fourth Amendment and the exclusionary doctrine into play. *Id.* The test is whether a "reasonable officer" would have made the traffic stop — not whether the particular officer would have made the stop absent his ulterior motive. *Miller* v. *State*, 44 Ark. App. 112, 868 S.W.2d 510 (1993), *cert. denied*, 114 S.Ct. 2137 (1994).

Officer Turberville testified that he arrested the appellant for the traffic violations for the specific purpose of questioning him about Ms. Robie's disappearance. However, the arrest is not tainted by this fact so long as the arrest would have been carried out anyway. *See Miller* v. *State*, *supra*. Here, Officer Turberville knew that the appellant was driving without vehicle insurance and without a valid driver's license. Thus, a valid objective reason existed for the stop and arrest. *See* Ark. Code Ann. § 27-16-303(a)(1) (Repl. 1994); Ark. R. Crim. P. 4.1(a)(iii). Therefore, the trial court correctly refused to suppress the appellant's statement on the ground that his arrest was pretextual.

The appellant also argues that any statements he made after his arrest should be suppressed because Officer Turberville did not comply with Arkansas Rule of Criminal Procedure 2.3. This rule requires an officer who asks a person to come to a police station to take reasonable steps to make clear that there is no legal obligation to comply with such a request.

As discussed under the previous point, the appellant was lawfully arrested for driving with a suspended driver's license. Thus,

the facts in the case at bar do not come within the ambit of Rule 2.3 and consequently no violation of that rule occurred.

The appellant asserts that the police officers failed to take reasonable steps to make it clear to him that he was under no obligation to talk to them about Ms. Robie. However, Officer Turberville testified that he advised the appellant of his *Miranda* rights, that the appellant waived them and that he voluntarily gave a statement. Thus, the appellant was informed of his right to remain silent. Moreover, the knowledge of an individual of all the crimes for which he is being investigated is not relevant to a valid waiver of his *Miranda* rights. *Colorado* v. *Spring*, 479 U.S. 564 (1987).

For his final argument, the appellant contends that the trial court abused its discretion in refusing to order a new trial pursuant to his petition for a writ of error *coram nobis*. The appellant filed his petition after the victim was found to be living in Wyoming and subsequently returned to Fayetteville. An affidavit by Officer Turberville, who interviewed Ms. Robie, stated that she could not remember any of the events leading to her disappearance or how she came to be in Wyoming.

The trial court denied the appellant's petition for a writ of error *coram nobis*. The appellant then sought review of the trial court's denial of his petition to this Court under a petition for a writ of certiorari. *See Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984). We denied the appellant's petition on May 17, 1995; thus, we have previously reviewed and rejected the appellant's argument.

Affirmed.

ROBBINS and STROUD, JJ., agree.