Rene Charles TAYLOR *v.* STATE of Arkansas

CA CR 01-748                                     72 S.W.3d 882

Court of Appeals of Arkansas
Division II
Opinion delivered April 17, 2002

146

*Ed Webb & Associates*, by: *Lynn D. Lisk*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Rene Charles Taylor, was convicted by a Pope County jury of battery in the first degree. He was sentenced to serve two years in the Arkansas Department of Correction, with an additional three years suspended based upon the conditions that he live a law-abid-

ing life and obtain counseling, and he was fined $15,000. On appeal, he argues that the evidence is insufficient to sustain the verdict; that the trial court erred in refusing to instruct the jury on lesser-included offenses; and that the trial court erred by not declaring a mistrial or admonishing the jury based on comments made during the State's closing arguments. We affirm.

Although Taylor's state of mind was contested at trial in his motions for directed verdict, the other facts pertaining to the case were not seriously disputed except in Taylor's testimony during the sentencing phase of the trial, which is not pertinent to the issues being appealed. The testimony at trial revealed that in January 2000, Dr. Carroll Don Johnson and his wife had rented a trailer from Taylor and his wife while remodeling their newly purchased home. Johnson borrowed Taylor's backhoe to remove some stumps from his property, and he agreed that in return, he would purchase a swing set for Taylor's daughter. Johnson also agreed to allow Taylor to use his condominium in Florida at some time. While Johnson had the backhoe, the windshield was broken when the exhaust pipe fell off the backhoe and struck the glass, and Johnson offered to repair the windshield.

In April 2000, Johnson and his wife moved out of Taylor's property. On April 30, 2000, Johnson went to see Taylor about the repair of the backhoe windshield and the refund of his $250 rental deposit. When Johnson arrived at Taylor's house, Taylor presented him with a document detailing all of their past "agreements" and asked Johnson to sign it. Johnson refused to sign the formal document, stating that he thought the two of them had a gentleman's agreement. A disagreement ensued, and Taylor told Johnson to get out of his house. When Johnson got up to leave, Taylor rushed toward him and began pushing him; Johnson pushed Taylor back and hit him in the face with his fist, bloodying Taylor's nose. When Johnson turned to leave again, Taylor jumped on his back and pinned him to the table; Johnson "nose-dived" Taylor off his back and onto the floor, hitting Taylor so hard in the back of the head that he broke his hand. Johnson pinned Taylor to the ground; Taylor said, "I give"; and Johnson, after inquiring if Taylor was okay, got up yet again to leave. Johnson saw Taylor go to a cabinet, reach up, and come down with a

pistol. Johnson ran past Taylor, pushing him in the back as he passed, and ran out the door. Johnson ran around the corner of the garage yelling for help, and he started running across a field toward Taylor's in-laws' house. When Johnson turned around, he saw Taylor at the end of the garage with a .22 rifle, and he saw three rounds "dance around his feet" as he ran. Johnson said there was a pause, and then there were four "bams." He said that he saw one shot go in and come out of his leg, and another shot hit him in the buttocks. He continued to run until he was hit in his right side and was knocked down. Johnson said that he heard Taylor yell that he was going to kill him, and that he feared for his life. The wife of one man who heard Johnson's calls for help called 911, and another man came to Johnson's aid, helping him to move behind a house for cover and calling for an ambulance. Johnson was taken to the hospital, where he underwent exploratory surgery to rule out any internal injuries.

██ ██ Although Taylor raises the issue of the sufficiency of the evidence as his last point on appeal, double jeopardy considerations require that we consider sufficiency of the evidence before the other points raised. *Diemer v. State*, 340 Ark. 223, 9 S.W.3d 490 (2000). A directed-verdict motion is a challenge to the sufficiency of the evidence. *Ward v. State*, 64 Ark. App. 120, 981 S.W.2d 96 (1998). When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *Harris v. State*, 72 Ark. App. 227, 35 S.W.3d 819 (2000). The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Id.*

Arkansas Code Annotated section 5-13-201(a)(7) (Repl. 1997) provides that a person commits battery in the first degree if, "with the purpose of causing physical injury to another person he causes physical injury to any person by means of a firearm." Taylor argues on appeal that the evidence presented by the State did not show that he was trying to cause physical injury to Johnson when he shot at him with the .22 rifle. He contends that "merely firing the rifle in [Johnson's] direction is insufficient" to prove that he purposefully shot Johnson, and he points to the fact that he

did not use his larger .380 handgun as evidence that he did not have the purpose to injure Johnson.

■■■ This argument is unavailing. A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result. Ark. Code Ann. § 5-2-202(1) (Repl. 1997). Intent can seldom be proven by direct evidence and must usually be inferred from the circumstances surrounding the crime; because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his acts. *Brown v. State*, 54 Ark. App. 44, 924 S.W.2d 251 (1996). The jury is allowed to draw upon its own common knowledge and experience to infer intent from the circumstances. *Id.* Here, the evidence showed that Taylor fired multiple shots at Johnson, there was a pause during the time that the shots were fired, and Johnson was then hit by three bullets. When Taylor began firing a gun at Johnson, it was presumed that he intended the natural and probable consequence of his actions, which was that he shot Johnson. There is sufficient evidence to support Taylor's first-degree battery conviction.

■■■ Taylor's next argument is that the trial court erred by refusing to give the jury his proffered instructions for second- and third-degree battery, contending that those offenses were lesser-included offenses of battery in the first degree. Arkansas Code Annotated section 5-1-110(b)(1)-(3) (Repl. 1997) states that an offense must meet one of the following criteria to be considered a lesser-included offense: (1) it is established by proof of the same or less than all the elements of the greater offense; or (2) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or (3) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.[1]

---

[1] Until recently our caselaw required that an offense must meet three criteria to be considered a lesser-included offense: (1) it must be established by proof of the same or less than all the elements of the greater offense; (2) it must be of the same generic class as the greater offense; and (3) it must differ from the greater offense based upon the degree of risk

A trial court's decision to exclude an instruction on a lesser-included offense will be affirmed only if there is no rational basis for giving the instruction. *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001).

At trial, the judge instructed the jury that to convict Taylor of first-degree battery, the State must have proved beyond a reasonable doubt that Taylor, with the purpose of causing physical injury to Johnson, caused physical injury to Johnson by means of a firearm. Taylor's proffered instruction on battery in the second degree stated:

> If you have a reasonable doubt of the guilt of Rene Taylor on the charge of Battery in the First Degree you will then consider the charge of Battery in the Second Degree. To sustain this charge the State must prove beyond a reasonable doubt that:
>
> Rene Taylor, with the purpose of causing physical injury to Carroll Johnson, caused serious physical injury to Carroll Johnson. OR
> Rene Taylor recklessly caused serious physical injury to Carroll Johnson by means of a deadly weapon.
>
> Definitions
>
> "Serious physical injury" means physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ.
>
> "Physical injury" means the impairment of physical condition or the infliction of substantial pain.

to persons or property or upon grades of intent or culpability. *See Goodwin v. State*, 342 Ark. 161, 27 S.W.3d 397 (2000); *Byrd v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999). The State noted in its brief that in *Goodwin, supra,* our supreme court recognized that there was a possible inconsistency between the case law and the provisions of Ark. Code Ann. § 5-1-110 (Repl. 1997) because the statute speaks in the disjunctive while the case law interprets the statute to read in the conjunctive. However, in *McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002), an opinion handed down on March 14, 2002, our supreme court addressed that inconsistency, holding that "the determination of when an offense is included in another offense depends on whether it meets one of the three tests set out in section 5-1-110(b)(3)." 347 Ark. at 921, 69 S.W.3d at 435.

"Deadly weapon" means a firearm or anything manifestly designed, made, adapted for the purpose of inflicting death or serious physical injury or anything that in the manner of its use or intended use is capable of causing death or serious physical injury.

"Purpose" — A person acts with purpose with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

"Recklessly" — A person acts recklessly with respect to the results of his conduct when he consciously disregards a substantial and unjustifiable risk that the results will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the defendant's situation.

■ The proposed instruction for second–degree battery does not describe a lesser–included offense under Ark. Code Ann. § 5-1-110(b)(1) because both alternatives given in the proffered instruction require an additional element, *serious* physical injury, that is not required in the first-degree battery instruction that was given, which only requires physical injury when the injury is caused by a firearm. Likewise, the proposed instruction is neither a lesser–included offense under subsection (b)(2) because the offense is not an attempt offense, nor is it a lesser–included offense under subsection (b)(3) because it does not differ from the offense charged with respect to less serious injury to the victim to establish its commission.

Taylor's proffered instruction on battery in the third degree stated:

If you have a reasonable doubt of the guilt of Rene Taylor on the charge of Battery in the First Degree and Battery in the Second Degree you will then consider the charge of Battery in the Third Degree. To sustain this charge the State must prove beyond a reasonable doubt:

That Rene Taylor, with the purpose of causing physical injury to Carroll Johnson, caused physical injury to Carroll Johnson.
OR

That Rene Taylor recklessly caused physical injury to Carroll Johnson.
OR
That Rene Taylor negligently caused physical injury to Carroll Johnson by means of a deadly weapon.

### Definitions

"Physical injury" means the impairment of physical condition or the infliction of substantial pain.

"Deadly weapon" means a firearm or anything manifestly designed, made, adapted for the purpose of inflicting death or serious physical injury or anything that in the manner of its use or intended use is capable of causing death or serious physical injury.

"Purpose" — A person acts with purpose with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

"Recklessly" — A person acts recklessly with respect to the results of his conduct when he consciously disregards a substantial and unjustifiable risk that the results will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the defendant's situation.

"Negligently" — The term "negligently" as used in this criminal case means more than it does in civil cases. To prove negligence in a criminal case the State must show that defendant should have been aware of a substantial and unjustifiable risk that the injury would occur. The risk must have been of such a nature and degree that his failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involved a gross deviation from the standard of care that a reasonable person would have observed in his situation.

■■ It is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by the slightest evidence; however, a trial court may refuse to offer a jury instruction on an included offense when there is no rational basis for a verdict acquitting the defendant of the charged offense and convicting him of the included offense. *Atkinson v. State*, 347

Ark. 336, 64 S.W.3d 259 (2002). Where there is no evidence tending to disprove one of the elements of the larger offense, the trial court is not required to give an instruction on a lesser one; if after viewing the facts in the light most favorable to appellant, no rational basis for a verdict acquitting him of the greater offense and convicting him of the lesser one can be found, it is not error for the trial court to refuse to give an instruction on the lesser-included offense. *Stultz v. State*, 20 Ark. App. 90, 724 S.W.2d 189 (1987).

In the present case, there is no rational basis to give an instruction on the basis that Taylor recklessly or negligently caused physical injury to Johnson. Even viewing it in the light most favorable to Taylor, the evidence shows that he fired multiple shots at Johnson, pausing between some of the shots, and that Johnson was hit by three bullets. When Taylor began firing a gun at Johnson, it was presumed that he intended the natural and probable consequence of his actions, which was that he shoot Johnson.

The remaining alternative in the proffered instruction for third-degree battery is the same as the instruction that was given to the jury for battery in the first degree, with the exception that the first-degree battery required the use of a firearm. Although this alternative would be considered a lesser-included offense under Ark. Code Ann. § 5-1-110(b)(1), we hold that the trial judge did not err in refusing this portion of the proffered third-degree battery instruction based upon our supreme court's holding in *Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000). In that case, the supreme court held that while it is reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence, it is not error for the court to refuse or fail to instruct on the lesser offense where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. *Id.*

In the present case, the only difference in the instruction for first-degree battery and that portion of the proffered instruction for third-degree battery that states "that Rene Taylor, with the purpose of causing physical injury to Carroll Johnson, caused physical injury to Carroll Johnson," is the fact that for bat-

tery in the first degree, the injury must be caused by a firearm. There was no dispute that Johnson's injuries were caused by a firearm shot by Taylor; therefore, Taylor was either guilty of battery in the first degree or he was innocent. For these reasons, there was no error in refusing to give the proffered instruction for third-degree battery.

Taylor's last argument is that the trial judge erred in not granting a mistrial or admonishing the jury when the prosecutor, during the State's closing argument, stated, "He [Taylor] never said it was an accident." Taylor requested a mistrial, arguing that the State had commented on his right not to testify. The State contended that he was referring to the statements made by Taylor in his call to the 911 operator. The motion for mistrial was denied, and the trial judge also declined to admonish the jury, stating that he did not believe that the statement deserved an admonishment. On appeal, Taylor argues that the prosecutor's statement was an impermissible comment on his Fifth Amendment right not to testify.

The declaration of a mistrial is an extreme remedy and should only be granted when justice cannot be served by continuing the trial; mistrial is proper only where the error is beyond repair and cannot be corrected by any curative relief. *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001). The circuit court has wide discretion in granting or denying a motion for a mistrial, and we will not disturb the trial court's decision absent an abuse of discretion or manifest prejudice to the movant. *Id.*

In support of his argument, Taylor cites *Doyle v. Ohio*, 426 U.S. 610 (1976), for the proposition that the prosecution in a criminal case is prohibited from commenting on a defendant's post-arrest, post–Miranda warning silence. However, a review of the State's closing argument indicates that the incident to which the prosecutor referred, Taylor's call to and subsequent conversation with the 911 operator, occurred prior to his arrest and before he was Mirandized. Therefore, *Doyle* is not applicable in the instant case. *See Cagle v. State*, 68 Ark. App. 248, 6 S.W.3d 801 (1999). Furthermore, we find that the comment by the prosecutor during closing argument was not a comment on appellant's

right not to testify and that appellant's interpretation ignores the context in which the comment was made. The trial judge did not err in denying Taylor's motion for a mistrial and for an admonition to the jury.

Affirmed.

JENNINGS and GRIFFEN, JJ., agree.