Alton D. SPIGHT *v.* STATE of Arkansas

CA CR 07-855                                    278 S.W.3d 599

Court of Appeals of Arkansas
Opinion delivered March 5, 2008

Gregory Crain, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. A jury found appellant, Alton D. Spight, guilty of first-degree battery. Raising three issues on appeal, he argues that the evidence was insufficient to support the conviction, that the circuit court erred in refusing to instruct the jury on the crime of second-degree battery, and that during voir dire the State improperly altered the standard of proof. We disagree with all of appellant's contentions and affirm.

We first consider appellant's challenge to the sufficiency of the evidence. The jury was instructed on first-degree battery under Ark. Code Ann. § 5-13-201(a)(8) (Supp. 2007), which provides that a person commits first-degree battery if, "[w]ith the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a firearm." Appellant argues that the State failed to prove that appellant acted purposely. Our criminal statutes provide that "[a] person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result." Ark. Code Ann. § 5-2-202(1) (Repl. 1996).

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002). We affirm a conviction if substantial evidence exists to support it, which is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Id.* Furthermore, a

criminal defendant's intent can seldom be proven by direct evidence and must usually be inferred from the circumstances surrounding the crime. *Id.* Because intent can seldom be proven by direct evidence, the jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Id.* And because of the obvious difficulty in ascertaining a defendant's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

At trial, Roy Ray testified that on February 22, 2006, he was driving a red Freightliner Century pulling a trailer down I-30 on his way to Tyler, Texas. With him was his driving partner, Charles McCallister, who was in the passenger seat. As they were approaching the ninety-six mile marker, he moved to the left lane to pass a Marten truck that was in the right lane. He passed the Marten truck, and because a faster truck was coming up behind him, Ray pulled in front of the Marten truck. While the faster truck was trying to pass him, Ray came upon a slower truck in front of him, and Ray had to brake to keep from being too close to the slower truck. After the faster truck passed him, he moved to the left lane to pass the slower truck, but Ray came to a hill and lost speed. The Marten truck, which was in the right lane, then came up beside Ray's truck, and Ray heard three or four gunshots. They later found two bullet holes in the truck, one to the left of the passenger door and one in the passenger-side mirror. Ray backed off and lost more speed, and the Marten truck moved into the left lane. Ray moved to the right lane and called 911 and reported that the gunfire came from the Marten truck. He then realized that McCallister had been shot.

McCallister, who was sitting in the passenger seat at the time of the shooting, testified that he was shot underneath his right arm, and the bullet went through the lower third of his right lung, causing his lung to collapse. When emergency personnel arrived, he was transported to Arkadelphia and then to Little Rock.

Deputy Ken Ashcraft of the Hot Spring County Sheriff's Office testified that on February 22, 2006, he was advised by dispatch that there had been a shooting and to look for a Marten eighteen-wheel truck on the interstate. He observed the Marten truck and stopped it. Ashcraft asked appellant, who was the driver of the truck, if something had happened back up the road. Appellant stated that he had shot a man. Ashcraft asked appellant if he had a gun, and appellant replied that he had one in his front pocket. According to Corporal Dean Palmer of the Arkadelphia

Police Department, who participated in the stop, the gun was a five-shot revolver with three spent and two unspent cartridges.

Appellant testified in his own behalf. In sum, he testified that Ray's truck was in the left lane moving slowly and another truck was in the right lane also moving slowly, and when Ray's truck started to ease over on him, he thought that they may have been trying to rob or kill him. He testified that he then fired three shots at the truck to get away from them. He further testified that he was not shooting at anybody, that he did not look, that he did not aim, that he had never shot a gun from a moving vehicle, and that he shot wildly to try to get out of the trap. On cross-examination, when asked if he purposely pointed the gun and pulled the trigger, appellant agreed and testified that he "took it out the window and shot, h[e]ld it out the window and pulled it three times." He further admitted that he had to roll the window down to shoot.

■ We conclude that the evidence was sufficient to support the first-degree battery conviction. The jury had before it evidence that appellant purposely fired three times at an occupied truck. While appellant contended that he was not shooting at anybody and he fired wildly without aiming, because a presumption exists that a person intends the natural and probable consequences of his acts, the jury could have reasonably concluded that when he fired at the occupied truck, his purpose was to cause physical injury to the truck's occupants. Moreover, the jury was under no obligation to believe appellant's evidence. *See, e.g., Smith v. State*, 337 Ark. 239, 988 S.W.2d 492 (1999).

For his second point on appeal, appellant argues that the circuit court erred in refusing to give his proffered instruction on second-degree battery as a lesser-included offense of first-degree battery. The proffered instruction provided that appellant, "with the purpose of causing physical injury to Charles McCallister caused serious physical injury to Charles McCallister," and that appellant "recklessly caused serious physical injury to Charles McCallister by means of a deadly weapon." *See* Ark. Code Ann. § 5-13-202(a)(1), (3) (Supp. 2007).

■ We reject appellant's argument under the analysis provided in *Taylor*. There, and here, the jury was instructed in accordance with Ark. Code Ann. § 5-13-201(a)(8), which defines first-degree battery as purposely causing physical injury to another person by means of a firearm. Both in that case and here, the proposed instruction for second-degree battery did not describe a

lesser-included offense as defined under Ark. Code Ann. § 5-1-110(b) (Supp. 2007).[1] Both alternatives given in the proffered instruction required an additional element, serious physical injury, that was not required in the first-degree battery instruction that was given, which only required physical injury when the injury was caused by a firearm. Further, the proffered instruction was not a lesser-included offense because the offense was not an attempt offense, and the proffered instruction did not differ from the offense charged only in the respect that a less serious injury to the same person sufficed to establish the offense's commission.

For his third point, appellant argues that the circuit court erred in "allowing the prosecution to lower the standard of beyond a reasonable doubt." During voir dire, the State asked the venire members if they knew the State's burden of proof. The State then said that the burden was "beyond a reasonable doubt." The State then asked, "Does that mean beyond a shadow of a doubt?" Appellant objected, arguing that the State was "trying to lower the bar on the standard" in violation of the state and federal constitutions. The court overruled the objection, telling the venire members that the purpose of voir dire was to inquire about their qualifications. The State then asked the question again. Ultimately, the State told the venire members that the burden was beyond a reasonable doubt, paraphrased the instruction defining the term, and stated that the court would instruct as to its meaning. At the close of the case, the circuit court instructed the jury on the proper burden of proof.

---

[1] The statute provides in part as follows:

A defendant may be convicted of one (1) offense included in another offense with which he or she is charged. An offense is included in an offense charged if the offense:

(1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or

(3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

■ The course and conduct of voir dire examination is within the trial judge's discretion, and on appeal we will not reverse absent an abuse of that discretion. *Hall v. State*, 315 Ark. 385, 868 S.W.2d 453 (1993). This case is controlled by *Hall*, and we conclude there was no abuse of discretion. In *Hall*, the prosecutor explained that "shadow of doubt" was not the law and attempted to explain reasonable doubt by examples. The defendant argued on appeal that the State improperly attempted to quantify reasonable doubt. In holding that the trial judge did not abuse its discretion, the Arkansas Supreme Court observed that the jury was instructed on the proper burden of proof and that the jury was presumed to have followed the instruction. Here, the circuit court likewise instructed the jury on the proper burden of proof, and we likewise presume that it followed the court's instruction. Thus, as in *Hall*, we conclude there was no abuse of discretion.

Affirmed.

BIRD and MARSHALL, JJ., agree.