Cite as 2023 Ark. App. 14

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-317

| | | |
|---|---|---|
| JONATHAN JUSTICE | APPELLANT | Opinion Delivered January 18, 2023 |
| V. | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CR-16-92] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JAMES DUNHAM, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## MIKE MURPHY, Judge

Appellant Jonathan Justice appeals the Johnson County Circuit Court's revocation of his suspended sentence. His counsel has filed a no-merit brief and a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), stating that there are no meritorious grounds to support an appeal. Justice filed pro se points for reversal, and the State has filed a brief in response. We affirm and grant counsel's motion to be relieved.

On July 8, 2016, Justice pleaded guilty to one count each of possession of a controlled substance–methamphetamine (Class D felony) and possession of drug paraphernalia (Class D felony) in case No. 36CR-16-92 and was sentenced as a habitual offender to thirty months' incarceration in the Arkansas Department of Correction with an additional suspended

imposition of sentence (SIS) for a term of seventy months, and he was ordered to pay fines and costs. His SIS was conditioned upon "living a law-abiding life – not committing an offense punishable by imprisonment" and paying his financial obligations. The sentencing order contained an acknowledgment, signed by Justice, that he fully understood the conditions that were imposed on him and the consequences of his violating any of those conditions.

The State filed a petition to revoke Justice's probation on January 26, 2022, alleging that he was delinquent $295 toward his financial obligations and that he had failed to live a law-abiding life in violation of his SIS terms and conditions. Specifically, the State alleged that Justice had committed the following crimes: possession of a firearm by certain persons and possession of drug paraphernalia on July 14, 2020; possession of a controlled substance and possession of a firearm by certain persons on October 19, 2020; failure to appear on September 9 and October 14, 2021; fleeing in a vehicle, endangering the welfare of a minor, and fleeing on foot on August 27, 2021; and possession of a firearm by certain persons on October 15, 2021.

The court conducted a revocation hearing on February 11, 2022. Deputy Dalton Miller, formerly of the Johnson County Sheriff's Office, testified that on July 14, 2020, he was working with the drug task force and the Arkansas State Police to apprehend a certain suspect, Hope Metcalf, who was believed to be in a relationship with Justice. They went to Justice's address, which Deputy Miller described as "a well-known address where she might be." Justice answered the door. The state trooper who was with Deputy Miller asked Justice

whether Metcalf was inside, to which Justice stated no. Law enforcement left the residence but returned after it was discovered that Justice had an active warrant. Officers returned to Justice's residence about an hour later in another attempt to make contact with Metcalf.

Deputy Miller testified that upon returning to the residence, he heard a noise inside. He identified himself and asked the person to come to the door. Metcalf answered the door. Deputy Miller testified that Justice had left by then, and law enforcement did not make contact with him. Deputy Miller testified that he and several other law enforcement officers entered the residence after placing Metcalf into custody and confirming that she had a search waiver on file. While they were inside the residence, they discovered several firearms "in the general living quarters" along with suspected drug paraphernalia used to ingest methamphetamine. Deputy Miller testified that the items appeared to have been in the residence prior to their first contact with Justice that morning.

Deputy Miller testified that on October 19, 2020, he arrested Justice at a local store, having been informed that Justice was present in the store and had an active arrest warrant. Upon placing him under arrest, Deputy Miller found a syringe and a small bag containing a crystal-like substance that he suspected was methamphetamine as well as a .22-caliber bullet in Justice's pockets. As he walked Justice out to the vehicle, Justice advised Deputy Miller that he had a firearm inside the vehicle that he was using. Deputy Miller testified that the firearm, which was in plain view, was a .22-caliber rifle.

The State introduced, without objection, State's exhibit 2, an "Order for Issuance of Arrest Warrant and Summons/Order for Surety to Appear," issued by the court and filed

3

September 14, 2021, in which the court found that Justice had been directed to appear on September 9, 2021, but failed to respond or appear.

Justice testified on his own behalf and acknowledged that he had been ordered to appear in court on September 9, 2021, but that he was "deathly ill" with COVID. He explained that he went in for testing the next day at an urgent care, which he presented evidence of. When asked if he had made attempts to contact the court or contact his attorney to explain why he was not at court, he generally stated that he called and talked to the circuit clerk about it.

Over the objections of Justice's counsel, the State elicited testimony from Justice that he was the passenger in a vehicle that was stopped on October 15, 2021. During the stop, Justice gave the officer a fake name and date of birth. He testified that he had no knowledge about a backpack that was alleged to have contained a loaded .38-caliber revolver and scales. He further testified that on August 27, 2021, as he was turning into his mother's driveway, Deputy Johnson of the Johnson County Sheriff's Office initiated his blue lights and attempted to stop him. He acknowledged that he did not stop immediately and instead drove laps around his mother's property. Justice then testified that he did not see a patrol vehicle or know there was a patrol vehicle with its lights activated driving behind him. At the conclusion of the revocation hearing, the circuit court found that Justice had failed to live a law-abiding life after his release from incarceration, citing the following as support:

> The failure-to-appear finding that was made in 36CR-20-403, as well as 36CR-21-353, and the defendant's conduct on July 14, 2020, as well as October 19, 2020, are instances of the defendant failing to lead a law-abiding life. The testimony of his giving

4

a false name to the law enforcement officer and failing to stop when—when blue lighted, when the officer was attempting a traffic stop on October 15, 2021, which seems to have been a day after the October 14 note of his failure to appear in 36CR-21-353, are all instances of the defendant's failing to lead a law-abiding life.

Further, with no objection, the court took judicial notice of the pleadings in case No. 36CR-21-353, including the order dated October 29, 2021, "indicating Justice's nonappearance on the date reflected in that order in October."

The court found Justice in violation of the terms and conditions of his SIS and sentenced him to a term of eighty-four months in the ADC and an additional SIS of thirty-six months and imposed a $1500 fine. This no-merit appeal followed.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to the appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

5

Counsel contends that there are no issues of merit to support an appeal, and he has adequately explained why an appeal would be wholly frivolous. We first address whether the evidence was sufficient to support the revocation. To revoke a suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2021). We do not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Garrin v. State*, 2022 Ark. App. 342, at 3–4, 652 S.W.3d 608, 610. Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. *Id.* Since determinations of a preponderance of the evidence turn on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.*

A condition of Justice's SIS was that he live a law-abiding life by not committing an offense punishable by imprisonment. Deputy Miller testified to his own personal knowledge of the incident in which he had found what appeared to be methamphetamine and a syringe on Justice's person. During that testimony, he stated that Justice admitted having a firearm in the vehicle. This evidence shows that that Justice had committed criminal acts that could have resulted in imprisonment and was thus in violation of his SIS because he was a felon in possession of a firearm. *See* Ark. Code Ann. § 5-73-103 (Supp. 2021). Leaving credibility determinations to the finder of fact, sufficient evidence supports the revocation. Therefore, we hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation.

Additionally, counsel addresses three other adverse rulings that are not meritorious grounds for reversal. Relying on the analysis above, Justice was not prejudiced because independently sufficient evidence exists to support a finding that Justice violated a condition of his SIS.

Counsel also addresses the court's denial of Justice's objections to the State's attempt during cross-examination of Justice to exceed the scope of direct examination. The court denied Justice's motion to exclude his testimony from being used against him at the trials of his new, pending criminal charges. However, while the result of the court's unfavorable ruling has the potential to prejudice Justice in future hearings and trials, it did not directly affect this hearing. Thus, we agree with counsel that this is not a meritorious ground for reversal of the final decision in this case.

Justice filed pro se points, none of which have merit. He first claims that he was rendered ineffective assistance of counsel at the revocation hearing. Justice alleges multiple bases to support this allegation, but it is well settled we will not consider an ineffective-assistance-of-trial-counsel claim on appeal unless a circuit court considered the issue. *Bartlett v. State*, 2017 Ark. App. 679, at 1. Justice failed to raise any of his current ineffective-assistance points to the circuit court during the revocation hearing or in any other motion. Consequently, his claims are not preserved for this court's review.

Next, Justice contends that he was "unaware" that the subpoenaed witness, Deputy Miller, would testify as a State's witness and challenges the credibility of his testimony at the revocation hearing because unspecified "statements and physical evidence" were suppressed.

As with his first point, Justice never suggested to the circuit court that the State had unconstitutionally suppressed any evidence. This argument, too, lacks merit.

Last, Justice challenges his sentence as being illegal. His underlying crimes each carried a maximum of 144 months' imprisonment pursuant to Arkansas Code Annotated section 5-4-501(a) (Supp. 2021), but he was initially sentenced to only 30 months' imprisonment and was found to have violated the terms of the suspended sentences that followed on February 11, 2022. Subtracting his 30-month prison term from the original possible maximum 144-month sentence, Justice correctly notes that the circuit court could have sentenced him up to 114 months for violating the terms and conditions of his suspended sentences. Thus, the 84-month prison sentence is not illegal.

Affirmed; motion to withdraw granted.

GRUBER and BARRETT, JJ., agree.

*Samuel F. Eastman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.