Cite as 2023 Ark. App. 49

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-434

| | |
|---|---|
| JIMMIE LEE WALLS | Opinion Delivered February 8, 2023 |
| | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 35CR-19-682] |
| V. | HONORABLE ALEX GUYNN, JUDGE |
| STATE OF ARKANSAS | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |
| APPELLEE | |

**CINDY GRACE THYER, Judge**

Jimmie Lee Walls appeals an order of the Jefferson County Circuit Court revoking his suspended imposition of sentence (SIS) and sentencing him to six years in the Arkansas Department of Correction. On appeal, Walls argues that there was insufficient evidence to support the revocation decision. We find no error and affirm the revocation of Walls's SIS; however, we remand in order to correct an error on the sentencing order.

In July 2020, Walls entered a no-contest plea to one count of terroristic threatening, a Class D felony, in case No. 35CR-19-682 and was sentenced to twenty-four months' SIS. His SIS required that he obey all federal and state laws and not own or possess any type of firearm. In November 2020, the State filed a petition to revoke Walls's SIS, alleging that he

had committed the offenses of first-degree domestic battery and possession of a firearm by certain persons.

At the revocation hearing, the State first introduced Walls's sentencing order and the conditions of his SIS. The State then called Detective Deshaun Bennett of the Pine Bluff Police Department, who testified that in August 2020, he responded to a call that someone had been shot at 4413 West Fifth Avenue. When Bennett arrived at the scene, he saw the victim, Perry Burris––Walls's brother––being loaded onto a gurney with what appeared to be gunshot wounds to his left arm and shoulder. Bennett took a statement from Burris in which he identified Walls as the shooter. Other witnesses present at the scene gave statements to Bennett that were consistent with the story that Burris had related.

The State then called Burris to testify. Burris confirmed that he lived at 4413 West Fifth Avenue and that Walls is his brother. He further testified that on the day of the shooting, he and about seven or eight other people, including Walls, had been drinking when "all of a sudden [he] got popped." Then, contrary to his statement to Bennett on the day of the incident, Burris testified on direct examination that he was unaware of Walls's whereabouts that day and that Walls had been "all over the place." Burris recalled telling the detective that he had been shot but testified he could not remember telling the detective who shot him.

At that point, the State played a video of a statement that Burris gave Detective Bennett in the hospital following the shooting to "help [him] remember what [he] said that day." In the video, Burris told Bennett that he and his brother, Walls, lived together and

that a friend had come over to drink with them. Burris said that Walls exchanged words with the friend, and when Burris rebuked him, "then all of a sudden, pow." Burris also told Bennett that he saw his brother shoot him with a .38-caliber handgun with tape on the handle. When Bennett asked if he remembered anything else, Burris said Walls was mad. Bennett asked, "You said he is your brother?" Burris confirmed, "My baby brother, Jimmie Lee Walls. Just got out of jail for terroristic threatening."

When Burris's live testimony resumed, he continued to maintain that he did not know who shot him. He denied the possibility that it could be Walls because he stated he would not have let Walls bring a gun inside the house. Also contrary to his taped statement to Bennett, Burris denied during his direct examination that he had seen a gun. When asked about the specific description of the gun Burris had provided to Bennett in the video, he explained that "the tape on the handle, I was seeing, I don't know, I was drinking."

The court then asked Burris whether it had been his voice on the recording that had just been played during his direct examination. Burris said it didn't sound like his voice but he guessed it was. The court reminded Burris that he had been very detailed in his statement to Bennett regarding his description of the gun. Burris replied, "[A]s far as me saying that I seen him shoot me, when I got hit, I ran, I ducked . . . and had Kim to call the ambulance." The court asked if he was trying to save his brother, and Burris denied that he was.

The State then recalled Bennett, who identified both his voice and Burris's voice on the video statement that he recorded at the hospital. He also confirmed that Burris had identified his brother, Walls, as the person who shot him. At the conclusion of the hearing,

the court found that it was "clear [that Walls] violated the terms and conditions of [his] probation," stating, "You shot your brother." The court then sentenced him to six years in the Arkansas Department of Correction.

On appeal, Walls argues that the "evidence failed to prove beyond a reasonable doubt that [he] shot his brother." Our standard of review in revocation proceedings, however, is not whether the State proved its case beyond a reasonable doubt. Instead, to revoke a suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2021). We do not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Garrin v. State*, 2022 Ark. App. 342, 652 S.W.3d 608. Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. *Id.* Since determinations of a preponderance of the evidence turn on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Justice v. State*, 2023 Ark. App. 14.

The State's revocation petition alleged that Walls had committed the offense of first-degree domestic battery. A person commits the offense of first-degree domestic battery if with the purpose of causing physical injury to a household member or family member, he causes physical injury to a family or household member by means of a firearm. Ark. Code Ann. § 5-26-303(a)(6) (Supp. 2021).

4

Here, there was evidence before the court that (1) Burris and Walls are siblings; (2) Burris said in his videotaped statement, played without objection during the revocation hearing, that Walls shot Burris with a .38-caliber handgun; and (3) Burris clearly sustained a physical injury as a result of the gunshot. Therefore, the State proved by a preponderance of the evidence that Walls caused physical injury to a family or household member by means of a firearm.

As to Walls's intent to cause physical injury, this court has frequently stated that intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Hughes v. State*, 2015 Ark. App. 378, 467 S.W.3d 170; *Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002). Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his acts. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. Here, the evidence showed that Walls became angry with his brother and then pointed a gun at him, shooting him twice. This is sufficient, especially given the lesser standard of proof in a revocation proceeding, to prove Walls's intent to cause injury. *See Martinez v. State*, 2018 Ark. App. 187, 545 S.W.3d 264 (finding sufficient evidence of intent when defendant fired his weapon repeatedly and shot one victim in the head). Accordingly, we conclude that the circuit court did not err in finding the evidence sufficient to prove by a preponderance of the evidence that Walls committed first-degree battery, and we affirm the revocation of the SIS.

We must remand this case, however, for correction of a scrivener's error in the circuit court's sentencing order. The order in case No. 35CR-19-682, entered on December 20, 2021, following the revocation hearing, indicates that Walls was found guilty by the court of one count of terroristic threatening, a Class D felony, and sentenced by the court to seventy-two months in the Arkansas Department of Correction. The box indicating whether the matter was a "Probation/SIS Revocation," however, is checked no. Obviously, this proceeding was a revocation of Walls's previously imposed SIS in case No. 35CR-19-682. We therefore affirm but remand to the circuit court to correct the sentencing order. *See, e.g.*, *Cossey v. State*, 2020 Ark. App. 47.

Affirmed; remanded to correct sentencing order.

HARRISON, C.J., and VIRDEN, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.