Cite as 2023 Ark. App. 170

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-22-493

| | |
|---|---|
| JUDRIKA HOUSTON, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 29, 2023<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-17-1762]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Judrika Houston, Jr., appeals the Sebastian County Circuit Court order revoking his suspended sentence. On appeal, Houston argues that the State presented insufficient evidence that he violated his suspended sentence by committing first-degree battery and felon in possession of a firearm. We affirm.

On July 26, 2018, Houston pled guilty to second-degree battery and fleeing on foot. He was sentenced to two years' imprisonment and four years' suspended sentence. On June 2, 2021, the State petitioned to revoke Houston's suspended sentence, alleging that he had committed first-degree battery and felon in possession of a firearm and that he had failed to pay fees, fines, and court costs.

The court held a revocation hearing on June 9. At the hearing, Nichols Efurd testified that he is a patrol officer with the Fort Smith Police Department and that on May 24, 2021, he responded to a call concerning a shooting at Allied Gardens on 5221 Johnson Street. He explained that before he arrived at the address, William Braxton, a black male, waved him down and asked for help. Efurd stated that Braxton had a gunshot wound to his leg. He testified that Braxton reported that a black male with dreadlocks wearing a white t-shirt and black pants shot him and that the shooting occurred in apartment 55.

Margo Chestnut testified that she lived at Allied Gardens in apartment 67. She stated that she had not been in apartment 55 on May 24, 2021, but she admitted that she had spoken with the police. She further explained that on that day, she heard a gunshot and then saw an infrared light and a man waving a gun. She described the man as tall and black with "short-like dreads," and she stated that the man did not look like Houston. The prosecutor asked Chestnut, "Do you remember talking to me and telling me today that you saw Judricka Houston with the firearm?" Chestnut responded, "I know a Rico. I did not know no Judricka Houston."

Sergeant Randy Stanley testified that he responded to the May 24 shooting at Allied Gardens. He explained that the dispatcher described the shooter as a black male with "dreads" wearing a white shirt and black pants. He stated that he saw Houston that night after he had been arrested and that Houston was wearing a white t-shirt with black pants. He testified that another officer initially located Houston fifty or sixty feet from apartment 55 near apartment 87 and that he later located a silver firearm equipped with a laser outside the

window of apartment 87. Sergeant Stanley further stated that he spoke with Chestnut on the night of the shooting and that Chestnut reported that Houston became upset about losing keys and shot Braxton with a silver glock-type firearm equipped with a laser.[1]

At the conclusion of the hearing, the court found that the State had proved by a preponderance of the evidence that Houston had violated his suspended sentence. In making its finding, the court found Chestnut's statement at the scene more credible than her in-court statement. The court sentenced Houston to eight years' imprisonment. This appeal followed.

To revoke a suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2021). We do not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Garrin v. State*, 2022 Ark. App. 342, 652 S.W.3d 608. Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. *Id.* Since determinations of a preponderance of the evidence turn on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Justice v. State*, 2023 Ark. App. 14.

---

[1]The State did not present evidence that Houston failed to pay fines, fees, and court costs. After the State rested, the prosecutor asked to reopen the case to present evidence of Houston's failure to pay, but the court denied the motion.

On appeal, Houston argues that the State presented insufficient evidence that he violated his suspended sentence by committing first-degree battery or felon in possession of a firearm. He asserts that the evidence merely shows that it was a man named "Rico," not Houston, who shot Braxton with a firearm, and he points out that the only eyewitness to testify, Chestnut, stated that Houston was not involved. He additionally asserts that the State presented insufficient evidence of mens rea because there was no evidence that he acted with a purpose to cause harm. He also argues that the State presented insufficient evidence that he possessed a firearm because the officer merely located the gun in Houston's vicinity.

We hold that the State presented sufficient evidence that Houston violated his suspended sentence by committing first-degree battery and felon in possession of firearm. As to first-degree battery, a person commits first-degree battery if, with the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a firearm. Ark. Code Ann. § 5-13-201(a)(8) (Supp. 2021). This court has frequently stated that intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Hughes v. State*, 2015 Ark. App. 378, 467 S.W.3d 170; *Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002). Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his acts. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353.

The testimony at the revocation hearing showed that on the night of the shooting, Chestnut reported to an officer that Houston shot Braxton with a silver firearm equipped

with a laser. An officer located Houston fifty to sixty feet away from where the shooting occurred near apartment 87, and his clothing and appearance matched the description of the assailant. Further, a silver firearm equipped with a laser was located outside apartment 87. Even though Chestnut's in-court testimony differed from her statement at the scene, the court found her statement on the day of the incident more credible, and we defer to the circuit court for credibility determinations. As to intent, Chestnut reported that Houston shot Braxton after he became angry about losing his keys. This is sufficient evidence given the lesser standard of proof in a revocation proceeding. *See Walls v. State*, 2023 Ark. App. 49, 659 S.W.3d 741 (finding sufficient evidence of purposeful intent for first-degree domestic battery for revocation of a suspended sentence when defendant became angry and pointed a gun at his brother, shooting him twice).

As to the crime of felon in possession of a firearm, Arkansas Code Annotated section 5-37-103(1) (Supp. 2021) provides that no convicted felon shall possess or own a firearm. Arkansas Code Annotated section 5-1-102(15) defines "possess" as "to exercise actual dominion, control, or management over a tangible object." A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193.

The evidence supporting the first-degree-battery charge is also sufficient to support the felon-in-possession-of-a-firearm charge. Accordingly, given the lesser standard of proof in a revocation hearing, we hold that the State presented sufficient evidence that Houston

committed new offenses, and we affirm the circuit court's revocation of Houston's suspended sentence.

Affirmed.

GLADWIN and THYER, JJ., agree.

*The Law Offices of David Powell*, by: *Caleb D. Ward*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.