189 S.W.3d 456 (2004)
87 Ark. App. 127
Shawn Darrel MOSLEY
v.
STATE of Arkansas.
No. CA CR 03-947.
Court of Appeals of Arkansas, Division IV.
June 30, 2004.
*457 William R. Simpson, Jr., Public Defender, by: Clint Miller, Deputy Public Defender, Little Rock, for appellant.
No response.
JOHN F. STROUD, Chief Judge.
Shawn Mosley was convicted in a jury trial of aggravated robbery and battery in the first degree. He was sentenced to forty years in the Arkansas Department of Correction on the aggravated-robbery conviction and ten years in the Arkansas Department of Correction on the first-degree battery conviction, with the sentences to be served concurrently.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(j) of the Arkansas Rules of the Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to appellant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file pro se points of appeal; appellant has not filed any points.
At trial, Terry Jones testified that on September 11, 2001, he was at home with his girlfriend and their baby when he thought that he heard a knock on the door, but no one was there. He went into the kitchen, and he heard the door open and someone come in running. He heard someone say "break yourself," and he looked over his shoulder and saw a person he identified as appellant holding a small gun at his back. Jones said that he turned around and grabbed the gun with both hands, and he and appellant began to fight over the gun. Jones said that he was able to get a good look at the person during the struggle, and that the person was the appellant.
Jones then said that the door opened again, two other men came into the house, and one of them shot him, knocking him to the floor. Jones realized that he was holding the gun that he and appellant had been struggling over, and he began shooting at the three men, stating that he was still pulling the trigger when there was no ammunition left. He said that after he started firing the gun, all three men ran out the door, with the person he identified as appellant being the last to leave. Jones followed the men out of the house and into the driveway, and it was not until then that he realized that he had been shot. Jones was taken to UAMS, where he underwent surgery to remove his left testicle, which was damaged when he was shot. While Jones was in the hospital, he was shown a photographic lineup, from which he identified appellant as the person who had first entered his house and told him to "break yourself." Jones identified appellant again at trial. Jones was cross-examined about inconsistencies in statements that he had given the police, but he remained insistent that appellant was the *458 person who had entered his house and told him to "break yourself."
Heath Helton, a Little Rock police officer, testified that he responded to Jones's house on the night of the incident, but that he was just backup support for the first responding officer. He said that while he was at Jones's residence, he received another call to respond to St. Vincent's Hospital regarding a shooting report. Helton identified the person who had been shot and was receiving treatment at St. Vincent's as appellant. Although appellant initially gave the officers a false name, he eventually gave them his real name, and he said that while he was walking with his mother and girlfriend in the area of Thirteenth and Woodrow, a blue vehicle drove by and the passenger leaned out and shot him. However, Helton stated that the area was in his district, and that no one had reported a shooting in that area. Another officer, Little Rock Detective Ronnie Smith, testified that he interviewed appellant at St. Vincent's and viewed his injury, which appeared to be a fresh gunshot wound to the right side of his back.
At the close of the State's evidence, appellant moved for a directed verdict on both charges on the basis that the evidence was "completely irreconcilable" with Jones's testimony; this motion was denied. Appellant did not call any witnesses, and he did not renew his motion for directed verdict. However, his challenge to the sufficiency of the evidence was nevertheless preserved. When a defendant does not present any evidence after making his directed-verdict motion at the close of the State's case, further reliance on that motion is not waived. Chrobak v. State, 75 Ark.App. 281, 58 S.W.3d 387 (2001) (citing Robinson v. State, 317 Ark. 17, 875 S.W.2d 837 (1994)).
When the sufficiency of the evidence is challenged, the appellate court considers only that evidence which supports the guilty verdict, and the test is whether there is substantial evidence to support the verdict. Blockman v. State, 69 Ark.App. 192, 11 S.W.3d 562 (2000). Substantial evidence is evidence of such certainty and precision as to compel a conclusion one way or another. Id.
In this case, appellant's directedverdict motion focused on the improbability of the victim's testimony and the inconsistencies in it. However, it is the jury's duty to weigh the evidence, and the jury may believe all or only a part of any witness's testimony. Williams v. State, 351 Ark. 215, 91 S.W.3d 54 (2002). The appellate courts are bound by the factfinder's determination regarding the credibility of the witnesses. Id.; Harmon v. State, 340 Ark. 18, 8 S.W.3d 472 (2000). One eyewitness's testimony is sufficient to sustain a conviction, Harmon, supra, and such testimony is not "clearly unbelievable" based only on the fact that it is uncorroborated or because it has been impeached. Williams, supra.
In this case, the victim, Terry Jones, was cross-examined at length by defense counsel regarding the inconsistencies in his testimony. However, he remained adamant that appellant was the person who had come into his house and told him to "break yourself." He identified appellant in a photo lineup, and he identified him again at trial. This testimony, which the jury apparently believed, is sufficient in and of itself to sustain appellant's convictions.
Other than the motion for directed verdict, there was only one other ruling decided adversely to appellant. In a motion in limine, appellant requested that the State be precluded from mentioning the date on which the offenses were committed, *459 September 11, 2001, so that appellant would not be prejudiced by the terroristic acts that occurred on that date. The prosecutor responded that the date was relevant, but that he would not attempt to exploit the fact that the offenses occurred on September 11, 2001. The trial judge denied appellant's motion, noting that there was no indication that appellant was involved in terrorism and that he would not be prejudiced. The trial judge's ruling was correct. There was no evidence presented that appellant was involved in the terroristic acts that occurred in New York City on September 11, 2001, and the date of the commission of the offenses was clearly relevant to the case; therefore, appellant cannot demonstrate prejudice by the denial of his motion in limine. See Hart v. State, 77 Ark.App. 206, 72 S.W.3d 540 (2002).
From a review of the record and the brief presented to this court, appellant's counsel has complied with the requirements of Rule 4-3(j) of the Arkansas Rules of the Supreme Court and the Court of Appeals, and the appeal is wholly without merit. Counsel's motion to be relieved is granted, and appellant's judgments of conviction are affirmed.
Affirmed.
NEAL and CRABTREE, JJ., agree.