2009 Ark. 482

**Amanda Gail HOLT, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–51.**

Supreme Court of Arkansas.

Oct. 8, 2009.

William R. Simpson, Jr., Public Defender, by: Clint Miller, Deputy Public Defender, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice.

Appellant Amanda Gail Holt was convicted in the Pulaski County Circuit Court of manufacturing a controlled substance (methamphetamine); possession of drug paraphernalia with intent to manufacture; maintaining a drug premises; and exposing a child to a chemical substance (methamphetamine). She was sentenced to several consecutive terms of imprisonment totaling 612 months. Appellant argues

that the circuit court erred in denying her motion for a directed verdict on each of the offenses.

■ The Arkansas Court of Appeals, in a nine-judge panel, issued an opinion reversing and dismissing Appellant's convictions for manufacturing methamphetamine and maintaining a drug premises. *See Holt v. State*, 104 Ark. App. 198, 290 S.W.3d 21 (2008). Although the court of appeals concluded that there was insufficient evidence to support either of those convictions, it upheld the other convictions for possession of drug paraphernalia with intent to manufacture and exposing a child to methamphetamine. *Id.* Appellant petitioned this court for review of the court of appeals' decision. We granted her petition for review pursuant to Arkansas Supreme Court Rule 2-4(c)(iii). When we grant review of a decision by the Arkansas Court of Appeals, we review the case as though the appeal was originally filed in this court. *See Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147.

On September 21, 2006, Officer Randy Howard of the Pulaski County Sheriff's Office went to the home of Michael Hogue in response to a call regarding three small children playing in the road. As Officer Howard approached the location, he saw three children playing behind a trailer. The door to the trailer was wide open. The officer also noticed a strong chemical odor emanating from the trailer, which he recognized as an odor consistent with the presence of a methamphetamine lab. He then knocked on the door. A few moments later the owner, Michael Hogue, came to the door from a bedroom just inside the door to the right and proceeded to close the door as he spoke with the officer. When Officer Howard asked to speak to the mother of the children, Hogue went back inside the trailer. Immediately thereafter, the officer heard movement coming from the bedroom on the right side of the trailer and Appellant then appeared at the door. Officer Howard asked her if she knew where her children were, to which she responded that she had been asleep and did not know the children were outside playing. The officer then informed Appellant that he was concerned about the children being exposed to the strong chemical odor. He asked to search the trailer, but Appellant declined to give consent, claiming that she had only been staying at the trailer for a couple of weeks. Hogue then gave the officer permission to search the exterior of the trailer. Upon detecting the same odor coming from the other side of the trailer, Officer Howard alerted investigators about the chemical odor. Once an investigator arrived, she detected the presence of phosphine gas using a gas detection unit and summoned Hogue's parole officer.

The parole officer conducted a home inspection of the trailer. During the search of the bedroom to the right of the door, the officer saw a bed and dresser and several items that were collected as evidence: an electric hotplate that was still warm to the touch; stained salt container consistent with a methamphetamine lab; small plastic bag commonly used for packaging narcotics; a large box of match boxes; a camp fuel can and glass jar under a blanket on the bed; and a black satchel underneath the mattress that contained items used in the manufacture of methamphetamine. The items in the satchel included a bottle with a bi-layer liquid (which indicates the presence of methamphetamine oil that is near the final steps in the manufacturing process), as well as two bottles that contained a white granular substance emitting an acidic fume. One of the drawers in the dresser contained hypodermic needles, a glass smoking device, coffee filters and a spoon. Another drawer in the dresser contained children's clothing and a hypodermic needle.

Additional items found in another bedroom on the other side of the trailer included some small plastic baggies and some tubing used in transferring chemicals during the manufacturing of methamphetamine. The children were taken to a local hospital for decontamination because of their possible exposure to the chemicals. The hospital also performed a hair follicle test on the children to check for exposure to methamphetamine. The test showed exposure to the drug, as well as the youngest child's ingestion of the drug cocaine.

## I. Sufficiency of the Evidence—Manufacturing Methamphetamine

Appellant contends that the circuit court erred in denying her motion for a directed verdict on the offense of manufacturing methamphetamine. She argues that, even in the light most favorable to the State, the State did not introduce substantial evidence at trial to prove that she manufactured methamphetamine. Specifically, Appellant argues that her mere presence in the residence and her knowledge of what was being done there does not constitute substantial evidence that she manufactured methamphetamine.

■■■ Our court has held that we treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Saul v. State,* 365 Ark. 77, 81, 225 S.W.3d 373, 377 (2006) (citing *Coggin v. State,* 356 Ark. 424, 156 S.W.3d 712 (2004)). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Walley v. State,* 353 Ark. 586, 112 S.W.3d 349 (2003). Substantial evidence is that "which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture." *Saul,* 365 Ark. at 81, 225 S.W.3d at 377. With regard to circumstantial evidence, such evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* When we review a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State, and only evidence supporting the verdict will be considered. *Walley,* 353 Ark. 586, 112 S.W.3d 349 (citing *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003)). Furthermore, a jury need not lay aside its common sense in evaluating the ordinary affairs of life, and it may infer a defendant's guilt from improbable explanations of incriminating conduct. *Id.*

■ Appellant was convicted of manufacturing methamphetamine in violation of Ark.Code Ann. § 5–64–401(a)(1)(A)(i) (Supp.2009). She concedes that the State proved (a) she was present in the residence when methamphetamine was being manufactured and (b) she knew methamphetamine was being manufactured. Notwithstanding this concession, Appellant claims the State failed to prove that she had ever been inside the master bedroom where all the paraphernalia used to manufacture methamphetamine was found. In essence, she challenges the sufficiency of the State's proof linking her to the manufacturing paraphernalia located in the master bedroom.

■ In *Walley v. State, supra,* we discussed the analysis necessary to review a sufficiency challenge in cases where two or more people occupy the residence where contraband was found. We stated that:

Under our law, it is clear that the State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, con-

structively possessed.... Constructive possession can be implied when the controlled substance is in the joint control of the accused and another. Joint occupancy, though, is not sufficient in itself to establish possession or joint possession. There must be some additional factor linking the accused to the contraband. The State must show additional facts and circumstances indicating the accused's knowledge and control of the contraband.

353 Ark. 586, 595, 112 S.W.3d 349, 353 (2003). In order to prove constructive possession, the State must establish two elements: "(1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband." *Id.* (citing *Darrough v. State,* 322 Ark. 251, 908 S.W.2d 325 (1995); *Plotts v. State,* 297 Ark. 66, 759 S.W.2d 793 (1988)).

An additional factor is necessary to link the accused to the contraband in joint occupancy situations. *Ravellette v. State,* 264 Ark. 344, 571 S.W.2d 433 (1978). "It cannot be inferred that one in non-exclusive possession of premises knew of the presence of drugs and had joint control of them unless there were other factors from which the jury can reasonably infer the accused had joint possession and control." *Walley,* 353 Ark. at 596, 112 S.W.3d at 354. We have stated that an additional factor to consider in determining whether a defendant was in constructive possession was the proximity of the defendant to the contraband. *Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147.

With these principles in mind, and viewing the evidence in the light most favorable to the State, we conclude that there is sufficient evidence to support Appellant's conviction of manufacturing methamphetamine. It is undisputed that Appellant had been occupying the residence for at least two weeks. Furthermore, Appellant

concedes that she was present in the residence when methamphetamine was being manufactured and that she knew methamphetamine was being manufactured. As to her proximity to the master bedroom where the manufacturing paraphernalia was located, the officer testified that when Hogue went back inside the trailer to get Appellant, he heard movement coming from the bedroom on the right side of the trailer just before Appellant appeared at the door. Also, when the officer asked Appellant about her children, she responded that she did not know the children were outside playing because she was asleep. The record reflects that the only bed in the trailer was in the master bedroom. Furthermore, the bed was covered with different parts of the methamphetamine production process, and the odor from the process was overwhelming. Finally, the children's clothing was found in one of the drawers of a dresser located in the master bedroom. Thus, based on this evidence indicating Appellant's proximity to the manufacturing paraphernalia, the jury could reasonably infer that she had joint possession and control of the contraband. We therefore affirm on this point.

## II. *Sufficiency of the Evidence— Possession of Drug Paraphernalia*

Appellant also argues that the circuit court erred in denying her motion for a directed verdict on the offense of possession of drug paraphernalia with intent to manufacture. Once again, she challenges the evidence linking her to the manufacturing paraphernalia. The State argues that Appellant's argument on appeal is not preserved for appellate review.

As a preliminary matter, to preserve an objection based on the sufficiency of the evidence, the appellant must make a motion for a directed verdict at the close of

the State's case and again at the close of all evidence and must state the specific grounds. Ark. R.Crim. P. 33.1(a) & (c). Further, "when a defendant does not present any evidence after making his directed verdict motion at the close of the State's case, further reliance on that motion is not waived." *Mosley v. State*, 87 Ark. App. 127, 130, 189 S.W.3d 456, 458 (2004).

■ In her sufficiency challenge below, Appellant stated that "the State has failed to make a prima facie case that to the exclusion of the other occupant of this trailer that [Appellant] possessed with intent to manufacture methamphetamine [paraphernalia], again for the purpose or intent to produce or manufacture methamphetamine." Thus, Appellant argues on appeal that the State did not prove that she constructively possessed the paraphernalia; that is, she argues that the State's proof regarding the other occupant was not sufficient to prove that she had joint possession and control of the contraband. We therefore conclude that Appellant's argument on this point is preserved for appellate review.

Appellant was convicted of possessing drug paraphernalia with intent to manufacture, in violation of Ark.Code Ann. § 5–64–403(b)(5)(A) (Supp.2009). Based upon the evidence of Appellant's proximity to the manufacturing paraphernalia, as set forth earlier in this opinion, we conclude that the circuit court did not err in denying Appellant's directed-verdict motion.

### III. Sufficiency of the Evidence— Maintaining a Drug Premises

■ Arkansas Code Annotated § 5–64–402 provides that it is unlawful for any person to knowingly keep or "maintain any store, shop, warehouse, dwelling, building, or other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance...." Ark.Code Ann. § 5–64–402(a)(2) (Supp.2009). Appellant contends that the circuit court erred in denying the motion for a directed verdict on the charge of maintaining a drug premises. She claims that the State failed to introduce substantial evidence that she maintained a structure or premises used for keeping controlled substances.

The State counters that there was ample evidence to show that Appellant lived on the premises and was involved in the manufacture of methamphetamine. We agree. Based upon the evidence summarized earlier in this opinion, we affirm the circuit court's denial of Appellant's directed-verdict motion on the offense of maintaining a drug premises.

### IV. Sufficiency of the Evidence— Exposure of a Child to Methamphetamine

■ For her last point on appeal, Appellant challenges the sufficiency of the evidence supporting her conviction of exposing a child to methamphetamine. She claims the State did not offer sufficient evidence to prove that she, with the intent to manufacture methamphetamine, knowingly permitted or caused a child to be exposed to methamphetamine.

Arkansas Code Annotated § 5–27–230 provides that "any adult who, with the intent to manufacture methamphetamine, knowingly causes or permits a child to be exposed to, ingest, inhale, or have any contact with a chemical substance or methamphetamine is guilty of a[ ] felony." Ark. Code Ann. § 5–27–230(b)(1) (Repl.2006). The statute further states that "intent may be demonstrated by the substance's use, quantity, manner of storage, or proximity to another precursor or equipment used to manufacture methamphetamine." *Id.*

Once again, we conclude that there was substantial evidence offered at trial that Appellant's children had been exposed to

the chemicals used in the manufacture of methamphetamine. Appellant had been living at the residence for at least two weeks. She concedes that she was aware methamphetamine was being manufactured on the premises. The officer who approached the premises testified that he noticed a distinct odor emanating from the trailer, which he recognized as an odor associated with methamphetamine labs. The children's clothes had the same odor. In fact, the children had to be decontaminated before being taken to the hospital. Tests conducted at the hospital indicated that the children had been exposed to methamphetamine or its precursors. Furthermore, as set forth earlier in this opinion, there was sufficient evidence to support Appellant's conviction of manufacturing methamphetamine. Accordingly, we affirm on all three counts of exposing a child to methamphetamine. The record reflects sufficient evidence to prove that |₁₁Appellant intended to manufacture methamphetamine and knowingly permitted her children to be exposed to methamphetamine.

Circuit Court affirmed.

Court of Appeals affirmed in part; reversed in part.