

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-16-178

| | | |
|---|---|---|
| MIGUEL VELASCO | | **Opinion Delivered:** October 5, 2016 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CR-15-57] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE WENDELL GRIFFEN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

On October 14, 2015, a Pulaski County jury convicted Miguel Velasco of maintaining a drug premises within 1000 feet of a certified drug-free zone. On appeal, Velasco argues that the trial court erred in denying his motions for directed verdict and for judgment notwithstanding the verdict because there was insufficient evidence to convict him of maintaining a drug premises.[1] For the following reasons, we affirm.

Testimony presented at trial indicates that at 5:30 a.m. on November 12, 2014, Pulaski County Sheriff's Office Investigator Kenneth Hollis and members of the sheriff's

---

[1] The trial court denied Velasco's motion for directed verdict as to count 3—the count at issue in this appeal—but granted his directed-verdict motion as to counts 1, 4, 5, and 6, finding that the State did not establish that Velasco constructively possessed the drugs under the precedent of *Hodge v. State*, 303 Ark. 375, 379, 797 S.W.2d 432, 435 (1990).

office special weapons and tactics (SWAT) team executed a search-and-seizure warrant at 5006 Opal Lane in Little Rock. Investigator Hollis, the evidence officer, testified that he recovered a Ruger pistol and utility bills in the names of Miguel Velasco, Katherine Velasco, and Alaena Buck.

Investigator Hollis also found a cigarette pack containing thirty pills on top of the curio cabinet in the living room of the residence, and he recovered suspected methamphetamine and marijuana from under the couch cushions in the living room. A total of $1,390 in cash was found in the master bedroom. After he had been arrested and taken to the sheriff's office by Investigator Hollis, Velasco told him that he kept the gun to protect his family because he had a brother who was killed and because he did not live in a good neighborhood.

Austin McKinnis, another investigator with the Pulaski County Sheriff's Office, also testified on behalf of the State. He stated that he assisted in the execution of the search warrant at 5006 Opal Lane and seized two security cameras from the outside of the home. Lauren McDonald, a forensic chemist at the state crime laboratory, was the final witness to testify. Based on her analysis, she determined that the controlled substances seized were alprazolam, marijuana, and methamphetamine. The defense put on no witnesses.

Velasco argues in tandem that the trial court erred in denying his motion for directed verdict and for judgment notwithstanding the verdict because there was insufficient evidence to convict him. However, a motion for a judgment notwithstanding the verdict cannot be used to raise sufficiency issues not first raised in a timely directed-verdict motion, so we will only address his argument that the trial court erred in denying his motion for

 

directed verdict on count 3.

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Hinton v. State*, 2015 Ark. 479, 477 S.W.3d 512. Our standard of review of the denial of a motion for directed verdict is whether the jury's verdict is supported by substantial evidence, which is evidence that goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *See, e.g., Spearman v. State*, 2013 Ark. 196, 427 S.W.3d 593. The test applied is whether the verdict is supported by substantial evidence, direct or circumstantial. *Carter v. State*, 2010 Ark. 293, at 4, 367 S.W.3d 544, 548. We review the record only for substantial evidence to support the jury's verdict. *Id.* We will affirm the denial of a motion for directed verdict if substantial evidence—direct or circumstantial—supports the verdict. *Matlock v. State*, 2015 Ark. App. 65, 454 S.W.3d 776.

When reviewing a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Lueken v. State*, 88 Ark. App. 323, 198 S.W.3d 547 (2004). Moreover, "[a] jury need not lay aside its common sense in evaluating the ordinary affairs of life, and it may infer a defendant's guilt from improbable explanations of incriminating conduct." *Walley v. State*, 353 Ark. 586, 594, 112 S.W.3d 349, 353 (2003). The jury is entitled to draw on common sense and experience in reaching its verdict. *E.g., Holt v. State*, 2009 Ark. 482, at 5, 348 S.W.3d 562, 566.

Arkansas Code Annotated section 5-64-402(a)(2) provides that it is unlawful for any person "knowingly to keep or maintain any store, shop, warehouse, dwelling, building, or

other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance in violation of this chapter or that is used for keeping a controlled substance in violation of this chapter." Ark. Code Ann. § 5-64-402(a)(2) (Supp. 2013). The violation is enhanced from a Class C felony to a Class B felony if the violation is committed on or within one thousand feet of the real property of a certified drug-free zone. Ark. Code Ann. § 5-64-402(b)(2).[2]

Viewing the evidence in the light most favorable to the State, there is substantial circumstantial evidence to support Velasco's conviction. Investigator Hollis testified that during the search of 5006 Opal Lane, he found a .380 caliber Ruger LCP pistol, illegal drugs, a large amount of cash, and bills in Velasco's name with 5006 Opal Lane listed as the address. Velasco was in the house when the search warrant was executed at 5:30 a.m., and pictures of him and his family were hanging on the walls of the living room, which is the same room where the drugs were found. It is undisputed that 5006 Opal Lane is located approximately 250 feet from a designated school bus stop.

Velasco argues that under *Franklin v. State*, 60 Ark. App. 198, 962 S.W.3d 370 (1998), his conviction should be overturned because the State failed to prove he had knowledge that the drugs were in the residence. In that case, our court overturned a conviction for maintaining a drug premises and held that knowledge is an element of the offense of maintaining a drug premises. *Id.* at 204, 962 S.W.2d at 373. However, the case before this court is factually distinguishable from *Franklin*. In *Franklin*, the cocaine was not

_____

[2] A designated school bus stop is a certified drug-free zone. *See* Ark. Code Ann. § 5-64-402(c)(1)(C).

found in the common areas of the house. Moreover, the drugs were discovered in a bedroom that was not Franklin's and in the yard under the doghouse of a dog that Franklin did not own. Here, Velasco was at home in the house he shared with his wife and children when the search warrant was executed. Family pictures were on the walls of the room where the drugs and pistol were located, and a large amount of cash was found in the master bedroom.

Our supreme court has held that knowledge of maintaining a drug premises can be inferred when evidence showed drugs and firearms were stored in a house and when the house had communication radios and a security camera. *See Loggins v. State*, 2010 Ark. 414, at 7, 372 S.W.3d 785 at 791. Two security cameras were found on the exterior of Velasco's residence and the drugs and pistol were found in his living room. There is sufficient evidence to infer the maintaining of a drug premises by Velasco and to support his conviction without relying on speculation and conjecture. Accordingly, we affirm.

Affirmed.

HARRISON and KINARD, JJ., agree.

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Houston Garner*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.