2017 Ark. App. 702

**Lucan Dhru WORSHAM, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–17–186**

Court of Appeals of Arkansas,
DIVISION IV.

Opinion Delivered: December 13, 2017

Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for appellant.

Leslie Rutledge, Att'y Gen., by: Rebecca Kane, Ass't Att'y Gen., for appellee.

WAYMOND M. BROWN, Judge

Appellant appeals from his conviction by jury trial of maintaining a drug premises.[1] On appeal, appellant argues that (1) the circuit court erred in failing to grant his motion for a mistrial when appellee shifted the burden of proof during questioning of a witness and (2) there was insufficient evidence to support his conviction for maintaining a drug premises. We affirm.

### I. Facts

According to testimony at the jury trial, appellant rented a room at a Motel 6 in Conway for his friend Steve Menzie because Menzie did not have a valid form of identification. After renting the room, appellant took his three-year-old son and seven-month-old daughter to the room. Appellant's estranged wife contacted him requesting to see the children and visited with them at the hotel room.[2] Following her visit, she contacted the Conway Police Department, and officers were dispatched to check on the welfare of the children.

When Officer Danny Worley and two other officers arrived, appellant answered the door and verified that the room was rented in his name. Menzie and another man were in the room with appellant and his children. As Officer Worley explained that he was there to conduct a welfare check, he noticed what appeared to be an assault rifle near the nightstand behind appellant. Appellant explained that it was an airsoft gun and gave Officer Worley

1. Appellant was convicted of six other charges; however, he does not appeal from those convictions.

2. Appellant had sole custody of the children.

permission to come into the room to inspect the gun. Upon entering the room, Officer Worley noticed a "bong" and a "one hitter," drug paraphernalia used to smoke marijuana, sitting in plain view on the nightstand between the beds. At Officer Worley's request, appellant consented to a search of his person whereupon Officer Worley discovered a baggie containing .1566 grams of methamphetamine and a glass pipe with .3198 grams of marijuana residue in appellant's pockets. Appellant admitted that all of these items belonged to him. Officer Worley also searched Menzie and the other man finding a pill bottle and two identifications on Menzie—none belonging to him—and a spoon with residue on it on the other man.

After Officer Worley read appellant his *Miranda* rights, appellant executed a consent-to-search form authorizing the officers to search the motel room. During his search, Officer Worley found a box underneath the bed containing drugs and drug paraphernalia along with two pipes on the floor next to the box. He also found another box on a shelf that also contained drug paraphernalia. One glass pipe contained .1331 grams of marijuana, and one contained methamphetamine residue. A glass smoking device contained .3198 grams of marijuana. Two clear bags were found: one contained a crystal-like substance, one bag of which was found to contain a total of .4060 grams of methamphetamine, and the other contained a counterfeit substance.

Appellant was subsequently charged by felony information on May 4, 2015, with one count each of maintaining drug premises, a Class C Felony; possession with purpose to deliver, delivery or manufacture of counterfeit substance, a Class C felony; possession of methamphetamine with purpose to deliver, a Class C felony; possession of drug paraphernalia to ingest, inhale, etc., a Class D felony; and possession of drug paraphernalia, a Class A Misdemeanor. He was also charged therein with two counts of endangering welfare of a minor—II, a Class A misdemeanor. Through multiple filed amended felony informations, the last being filed on July 6, 2016, the possession with purpose to deliver, delivery or manufacture of counterfeit substance charge was dropped and replaced with one count of possession of a controlled substance—schedule I/II, methamphetamine, a Class D felony; and one count of failure to appear, a Class C felony, was added.

A trial on the matter was held on August 25, 2016, following which a jury found appellant guilty of all remaining charges[3] and the circuit court sentenced him to a total of 192 months in the Arkansas Department of Correction. This timely appeal followed.

## II. *Sufficiency*

The prohibition against double jeopardy requires that we review the sufficiency of evidence before we examine trial error.[4] This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence.[5] In a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the

---

**3.** The possession of drug paraphernalia charge was nolle prossed.

**4.** *Stover v. State*, 2014 Ark. App. 393, at 1, 437 S.W.3d 695, 697 (citing *Powell v. State*, 2013 Ark. App. 322, 427 S.W.3d 782).

**5.** *Loggins v. State*, 2010 Ark. 414, at 4, 372 S.W.3d 785, 789 (citing *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905).

evidence that supports the conviction.[6] We will affirm a conviction if there is substantial evidence to support it.[7] Substantial evidence may be direct or circumstantial.[8] Evidence is substantial if it is of sufficient force and character to compel ⌊₅reasonable minds to reach a conclusion and pass beyond suspicion and conjecture.[9] This court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor do we assess the credibility of the witnesses.[10]

Appellant argues that there was insufficient evidence to support his conviction for maintaining a premise, specifically arguing that the location was not kept or maintained by him, and that there was no evidence that the location was used for others to use or obtain drugs. We cannot agree.

It is unlawful for any person knowingly to keep or maintain any store, shop, warehouse, dwelling, building or other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance or that is used for keeping a controlled substance.[11] A person acts "knowingly" with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist, and a person acts "knowingly" with respect to a result of his conduct when he is aware that it is practically certain that the conduct will cause the result.[12]

### ⌊₆A. Keep or Maintain

■ Appellant argues that the phrase "keep or maintain" is one that "direct[s] a constant and prolonged effort to set up some place, structure or premises for using, obtaining or keeping drugs." Neither statute nor caselaw defines the phrase "keep or maintain"; furthermore, no minimum-time-period requirement for occupancy or possession of the drug premises is given in the statute.

■ Where there is joint occupancy of the premises where contraband is found, some additional factors must be present linking the accused to the contraband.[13] Those additional factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband.[14] Viewing the evidence in the light most favorable to appellee, there is substantial circumstantial evidence to support appellant's conviction. The evidence is that appellant opened the door to the hotel room, verified that he rented the hotel room,[15] and consented to

---

6. *King v. State*, 2014 Ark. App. 81, at 2, 432 S.W.3d 127, 129 (citing *Daniels v. State*, 2012 Ark. App. 9, at 1–2, 2012 WL 11276).

7. *Owens v. State*, 2011 Ark. App. 763, at 5, 387 S.W.3d 250, 255 (citing *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147).

8. *Velasco v. State*, 2016 Ark. App. 454, at 3, 504 S.W.3d 650, 652 (citing *Matlock v. State*, 2015 Ark. App. 65, 454 S.W.3d 776).

9. *King, supra* (citing *Heydenrich v. State*, 2010 Ark. App. 615, 379 S.W.3d 507).

10. *Loggins*, 2010 Ark. 414, at 4, 372 S.W.3d at 789 (citing *Fernandez, supra*).

11. *Curtis v. State*, 2015 Ark. App. 167, at 4–5, 457 S.W.3d 700, 703 (citing Ark. Code Ann. § 5-64-402(a)(2) (Supp. 2011)).

12. *Hoodenpyle v. State*, 2013 Ark. App. 375, at 9, 428 S.W.3d 547, 552 (citing Ark. Code Ann. § 5-2-202(2) (Repl. 2006)).

13. *Loggins v. State*, 2010 Ark. 414, at 5, 372 S.W.3d at 790 (citing *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147).

14. *Id.*

15. Appellant admitted as much in his own testimony.

a search thereof, though two other adult males were in the room. Officer Worley testified that appellant admitted to ownership of the marijuana-related contraband while disclaiming ownership of all methamphetamine-related contraband, admitting ownership only of the baggie of marijuana found in his pocket.

Before this court, appellant argues that he did not keep or maintain a structure; "[a]t most he borrowed [the hotel room] for a night." Appellant's assertion that he borrowed the room at most is an issue of credibility. It is the responsibility of the fact-finder, not the appellate court, to weigh the evidence and to make credibility determinations.[16] The element of criminal intent can seldom be proved by direct evidence and must be inferred from the facts and circumstances of the crime.[17] The fact-finder need not lay aside its common sense in evaluating the ordinary affairs of life and may consider and give weight to any false, improbable, and contradictory statements made by the defendant to explain suspicious circumstances when determining criminal knowledge and intent.[18] The jury could have believed that appellant owned or possessed all the contraband, contrary to his assertion that he only owned or possessed part of it. We cannot, on this evidence, find that there was insufficient evidence to prove that appellant kept or maintained a drug premises.

### B. Purpose of Use for Others

Appellant then argues that appellee failed to prove that the purpose of the room was for others to resort to for drug usage or to obtain drugs. Appellant argues that the statute "requires proof that the very purpose of the premises is drug use, distribution or storage" and not a "presumption that wherever a drug happens to be, the property on which it sits is a drug premises." We disagree.

Officer Tom Kennedy testified that some of the contraband found in the hotel room—specifically the marijuana pipe, "baggies," syringes, spoons, and Q-tips—were paraphernalia either for the use of a drug or for the distribution or sale of a drug. Tara Lucas, of the Arkansas State Crime Lab, testified that some of the seized items contained either marijuana or methamphetamine or residue of the same. Appellant admitted that he had been a drug addict, using marijuana and methamphetamine, but denied having used the latter since June of 2015. This denial was in direct contradiction to his almost immediately following statement that he had a small amount of methamphetamine on him at the time of his arrest for personal use. He denied using any controlled substance, that anyone else used a control substance, or that he saw the contraband-containing boxes or the pipes that were discovered in the hotel room. A jury need not lay aside its common sense in evaluating the ordinary affairs of life, and it may infer a defendant's guilt from improbable explanations of incriminating conduct.[19] The jury is entitled to draw on common sense and experience in reaching its verdict.[20] Again,

---

16. *Singleton v. State,* 2011 Ark. App. 145, at 5, 381 S.W.3d 874, 877 (citing *Morris v. State,* 2011 Ark. App. 12).

17. *Hoodenpyle,* 2013 Ark. App. 375, at 9, 428 S.W.3d at 552 (citing *Hicks v. State,* 2012 Ark. App. 667, 2012 WL 5949103).

18. *Id.* at 9, 428 S.W.3d at 552–53 (citing *Hicks, supra*).

19. *Velasco,* 2016 Ark. App. 454, at 3, 504 S.W.3d at 652 (quoting *Walley v. State,* 353 Ark. 586, 594, 112 S.W.3d 349, 353 (2003)).

20. *Id.* (citing *Holt v. State,* 2009 Ark. 482, at 5, 348 S.W.3d 562, 566).

this court can find no error. We affirm this point.

### III. *Mistrial*

 Appellant also argues that the circuit court· erred in failing to grant his motion for a mistrial based on appellee's questioning of a witness, which improperly shifted the burden of proof. Appellant argues that the circuit court's admonition was insufficient to cure any prejudice to him because "[t]he evidentiary hole [appellant's] lawyer pointed out was at the heart of his defense"—the "evidentiary hole" being appellee's failure to check the evidence, which he defines as a "glaring error." We disagree.

 A mistrial is an extreme remedy that should not be declared unless there has been error so·prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected.[21] Our supreme court has held that a cautionary instruction or admonition to the jury can make harmless any prejudice that might occur.[22] A mistrial is proper only where an error is beyond repair and cannot be corrected by any curative relief.[23] Because the trial court is in a better position to determine the effect of a remark on the jury, it has wide discretion in granting or denying a motion for a mistrial, and its discretion will not be disturbed except where there is an abuse of discretion or manifest prejudice·to the movant.[24] In reviewing a mistrial motion, we look at all developing circumstances·that surround an incident to determine whether a manifest abuse of discretion occurred.[25]

During the trial, appellee asked Officer Danny Worley if·he received a request from appellant to send any of the evidence for ·fingerprinting. Officer Worley stated that appellant did not make such a request. Appellant's counsel requested that the question be repeated, and he objected .to the question as it .was being repeated. Noting that .he did not hear the question the first time, before Officer Worley answered. it, appellant's counsel argued that appellee was attempting to shift the burden of proof to appellant when the burden of proof . did not belong to him, but to appellee. Appellee responded arguing that the Arkansas State Crime Lab is a referral agency to which defense attorneys are allowed to and routinely do refer. .It argued that it was not shifting the burden of proof, but arguing that appellant had the ability to request that the evidence be analyzed for fingerprints, but did not do so. The circuit court sustained appellant's objection, finding that appellee's questioning shifted the burden to appellant to prove or disprove something that is an element of the case.

Appellant then asked for a mistrial, which the circuit court denied. Appellant then requested an instruction to the jury to disregard the question and its answer, and an instruction that appellant had no burden to prove any evidence. The circuit court agreed to give an admonition and stated to the jury "[l]adies and gentlemen, there was an objection to the last question.

21. *Thompson v. State*, 2015 Ark. App. 486, at 5, 469 S.W.3d 814, 816 (citing *Davis v. State*, 330 Ark. 501, 956 S.W.2d 163 (1997)).

22. *Id.* (citing *Strawhacker v.· State*, 304 Ark. 726, 804 S.W.2d 720 (1991)).

23. *Id.* (citing *Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002)).

24. *Williams v. State*, 2012 Ark. App. 310, at 8, 420 S.W.3d 487, 491 (citing *Moore v. State*, 323 Ark. 529, 915 S.W.2d 284 (1996)).

25. *Id.* (citing *Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509).

I've sustained that objection. You will disregard the question and any attempt the officer made [sic] answer it." Appellant made no further arguments thereafter.

Notwithstanding his motion for a mistrial, appellant received the admonition he requested. His failure to object to the sufficiency of the admonition is viewed by this court with the presumption that he found it satisfactory.[26] In light of the circuit court's admonition to the jury, we cannot say that appellee's questioning was so prejudicial that it warranted a mistrial. Furthermore, the question at issue was repeated at appellant's counsel's request because he failed to hear it; his objection came during the second recitation of the question.[27] We cannot find that the circuit court abused its discretion.

Affirmed.

Virden and Glover, JJ., agree.

---

26. *See Zachary v. State*, 358 Ark. 174, 179, 188 S.W.3d 917, 921 (2004) (citing *Cotton v. State*, 276 Ark. 282, 634 S.W.2d 127 (1982) (appellant deemed to have found given admonitions satisfactory where he did not object to either admonition nor did he seek clarification of the admonitions)).

27. It appears that the circuit court also failed to hear the first recitation of the question or the answer as it initially stated that it was not going to allow the question to be asked before being informed that it had already been asked.