Cite as 2020 Ark. App. 246

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–19–775

| | | |
|---|---|---|
| ANGELIA ENGERON | APPELLANT | **Opinion Delivered:** April 22, 2020 |
| V. | | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-18-133] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BARBARA HALSEY, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Angelia Engeron appeals her conviction of first-degree battery from the Greene County Circuit Court. On appeal, she argues that the circuit court erred by denying her directed-verdict motion. We affirm.

On May 28, 2019, the State filed an amended felony information charging Engeron with first-degree battery of her three-year-old step-granddaughter, E.I. The circuit court held a jury trial from June 3 through June 5.

At trial, E.I.'s father, Jordan Rawls, testified that E.I. had been in Engeron's care when she sustained severe burns to her lower body while taking a bath. He explained that due to the burns, E.I. was hospitalized for a month and that she had more than five surgeries to treat the burns.

Dr. Karen Lakin testified that burns covered 36 percent of E.I.'s body and that she also had a bruise on her right arm and abrasion on her elbow. She noted that Engeron had reported that E.I. sustained the injuries when she left E.I. in the bathtub unsupervised and E.I. turned on the hot water. Dr. Lakin testified, however, that based on her examination of E.I.'s injuries, the burns were nonaccidental. She explained that the burns on E.I.'s feet and ankles indicate that she had been placed in scalding water, because children cannot independently place both feet into a bathtub at the same time. She also stated that E.I.'s burns had linear, or waterline, demarcations which are significant because accidental burns typically result in scattered, nonlinear burns. She stated that the bruising on E.I.'s arm and the burn patterns on her feet, ankles, and thighs indicate that force had been used. She also stated that an individual would normally withdraw from hot water as opposed to remaining in the water long enough to produce the second-degree burns such as the ones on E.I.'s limbs. She further noted the zebra pattern on E.I.'s abdomen, which is a characteristic of a child trying to protect herself by "ball[ing] up." Dr. Lakin posited that someone ran very hot water, placed E.I. in the water, and held her there.

Rhonda Thomas with the Paragould Police Department testified that she interviewed Engeron following the incident, and the State played a video of the interview to the jury. In the interview, Engeron stated that she gave E.I. a bath because E.I. defecated on the floor and wall. She admitted that she became aggravated with E.I., but she denied holding E.I. in the hot water. She stated that she left E.I. unsupervised and that E.I. turned on the hot water.

At the conclusion of the State's case, Engeron moved for a directed verdict and argued that the State failed to establish that she caused serious physical injury to E.I. with the statutorily required intent of manifesting an extreme indifference to the value of human life. The court denied the motion. After Engeron presented her defense, she renewed her directed-verdict motion. The jury thereafter convicted Engeron of first-degree battery, and she was sentenced to twenty years' imprisonment. Engeron appeals the denial of her directed-verdict motion to this court.

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Reynolds v. State*, 2016 Ark. 214, 492 S.W.3d 491. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, as those are matters for the fact-finder. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* A person commits first-degree battery if the person causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-13-201(a)(3) (Supp. 2019).

In this case, Engeron argues that the State presented insufficient evidence that she acted under circumstances manifesting extreme indifference to the value of human life. She acknowledges Dr. Lakin's opinion testimony that E.I.'s burns were nonaccidental, but she

3

asserts that the State presented insufficient evidence establishing her intent to threaten E.I.'s life. She points out that Dr. Lakin did not testify that E.I.'s injuries were life threatening.

Engeron relies on *Tigue v. State*, 319 Ark. 147, 889 S.W.2d 760 (1994), wherein our supreme court addressed the first-degree battery requirement that a defendant act under circumstances manifesting extreme indifference to the value of human life. In *Tigue*, the evidence showed that the defendant had placed a five-year-old child's hands under scalding water. *Id.* The court found that even though there was sufficient evidence that the child suffered serious physical injury, there was insufficient evidence to show that the child was injured under circumstances manifesting extreme indifference to human life. *Id.* Specifically, the court held that there must be evidence of a mental state to engage in some life-threatening activity against the victim. *Id.*

In this case, viewing the evidence in the light most favorable to the State, we hold that the State presented sufficient evidence that Engeron acted under circumstances manifesting extreme indifference to the value of human life. In *Tigue*, the child suffered serious physical injury to only her hands, but the evidence here showed that E.I. suffered burns to 36 percent of her body after Engeron forcibly placed her into a bathtub of water hot enough to cause severe burns. The evidence also showed that E.I.'s injuries indicate that she tried to protect herself. Further, E.I. was hospitalized for a month, and she underwent five surgeries. We have stated that intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Bell v. State*, 99 Ark. App. 300, 259 S.W.3d 472 (2007); *Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002). Further, the jury is entitled to draw on common sense and experience

4

in reaching its verdict. *Worsham v. State*, 2017 Ark. App. 702, 537 S.W.3d 789. Given the circumstances of this case, we cannot say that the circuit court erred by denying Engeron's directed-verdict motion.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.