Cite as 2025 Ark. App. 570

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-828

RICHARD GILILLAND

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered  December 3, 2025

APPEAL FROM THE YELL COUNTY
CIRCUIT COURT, SOUTHERN
DISTRICT
[NO. 75SCR-23-61]

HONORABLE JERRY DON RAMEY,
JUDGE

AFFIRMED

**N. MARK KLAPPENBACH, Chief Judge**

Richard Gililland was convicted by a jury of second-degree murder in the shooting death of Kyle Metcalf.  He appeals, contending that the circuit court committed reversible error by not granting his motion for mistrial in which he alleged that the State's closing argument improperly shifted the burden to him to prove self-defense.  We affirm.

Appellant and Kyle attended a fish fry at a friend's place on a Sunday afternoon where people were drinking and playing Baggo.  As the party was ending, appellant and Kyle began to argue. Kyle approached appellant, who was armed with a Ruger firearm.  Kyle was angry, and appellant said he felt threatened. Appellant then shot Kyle in the chest. The homeowner said that Kyle did not draw a weapon or throw a punch at appellant. Appellant claimed self-defense.

In an interview that was recorded and played for the jury, appellant told the police that he said something to Kyle about letting his girlfriend drive, which Kyle did not like, and this started their verbal exchange. Appellant said Kyle was around thirty years old, but he (appellant) is in his fifties and disabled with "a fake hip," "fake knees," and "plates in [his] arms," so he could not run from or fight anybody. Appellant said Kyle approached him, backing him up to his truck; Kyle seemed like he wanted to fight, so he shot Kyle in the chest. Kyle fell to the ground and died at the scene. Kyle had a pocketknife in his pants pocket. Law enforcement did not observe any mobility issues with appellant.

Before closing arguments, the jury was instructed, in part, that the defendant is not required to prove his innocence. Instead, the defendant is presumed innocent unless and until the jury is convinced of his guilt beyond a reasonable doubt. The jury was also instructed that a defendant has an absolute constitutional right not to testify against himself, and maintaining one's right to remain silent is not evidence of guilt nor may it be considered in arriving at the jury's verdict. The jury was instructed on the elements of justification, also known as self-defense. The jury was further instructed that the attorney's closing arguments are not evidence, they are made only to help the jury understand the evidence and the law, and any attorney statement having no basis in the evidence should be disregarded by the jury.

During closing arguments, the prosecutor talked about appellant's claim that he is disabled. The prosecutor challenged that notion. He asked if any jurors saw appellant enter the courtroom with a cane, a walker, or a limp. He remarked that no doctor testified. The

prosecutor then said, "[I]f they had that evidence, they'd have brought it in here to you. Well, because you didn't hear it, hmm. Wonder what that means? Maybe he's not quite as disabled as he thinks." Defense counsel moved for a mistrial, stating that appellant had no obligation to present evidence to prove anything or to testify at all. The circuit court denied the motion. Defense counsel asked that the jury be instructed to ignore what the prosecutor just said.

The circuit court offered to reinstruct the jury that the attorney's closing arguments are only arguments, not evidence, and that the jury should rely on only the testimony and evidence presented at trial. The circuit court asked defense counsel, "That good?" Defense counsel replied, "Yes, sir." The jury was so instructed. Following deliberations, the jury found appellant guilty, and this appeal followed.

A mistrial is an extreme and drastic remedy, appropriate only when an error is so prejudicial that it cannot be cured by an admonition or instruction—in other words, when justice cannot be served by continuing the trial. *Walker v. State*, 2025 Ark. 127, 719 S.W.3d 450. The decision to deny a mistrial lies within the discretion of the circuit court, and we will not reverse absent an abuse of that discretion. *Id.* Generally an abuse occurs when the circuit court acts improvidently, thoughtlessly, or without due consideration. *Id.* A cautionary instruction or admonition to the jury can make harmless any prejudice that might occur. *Worsham v. State*, 2017 Ark. App. 702, 537 S.W.3d 789. In reviewing a mistrial motion, we look at all developing circumstances that surround an incident to determine whether a manifest abuse of discretion occurred. *Id.*

3

Justification becomes a defense when any evidence tending to support its existence is offered to support it. *Smith v. State*, 2025 Ark. 83, 711 S.W.3d 297. The State has the burden of negating the defense once it is put in issue. *Id.* Justification is considered an element of the offense, and once raised, it must be disproved by the State beyond a reasonable doubt. *Id.* Justification is a matter of intent and a question of fact for the jury. *Id.* The defendant's belief must be objectively reasonable and not arrived at via fault or carelessness. *Brown v. State*, 2020 Ark. App. 198, 595 S.W.3d 456.

Appellant is correct that the State has the ultimate burden of negating self-defense. Appellant argues on appeal that the circuit court's admonition did not cure the prejudice. We disagree.

As stated, the circuit court offered a curative instruction that defense counsel accepted. Moreover, the jury had previously been given instructions on the law that included the defendant's constitutional right not to testify, the State's burden of proof, the defendant's presumption of innocence, and the instruction that attorney's arguments are just that and not evidence to be considered in arriving at the jury's verdict. The circumstances here show that the circuit court did not abuse its considerable discretion in denying the motion for mistrial.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Witt Law Firm*, P.C., by: *Ernie Witt*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.